Nash, J.
 

 The order in this case was made under the acts of the General Assembly of ’21 and ’28, Rev. Stat. ch. 30, sec. 86. The action in which it was made, was brought "upon a bond or alleged bond of the defendant’s testator, -and the defendant filed an affidavit, stating that the
 
 alleged
 
 bond was a forgery, and moved the Court for an order upon the plaintiff, to file the paper writing with the Clerk of the Court, for the inspection of the defendant. The order was made, and from it the
 
 plaintiff
 
 appealed. If this case does ¡not come within the Statute, we are at a loss to conceive one that does. It gives to the Court the power, upon a proper motion, to compel the parties to a suit to produce books or writings, in their possession or power, and which ■ contain evidence pertinent to the issue, “ in cases, and under circumstances, where they might be compelled to pro•duce the same, by the ordinary rules of proceedings in •Chancery.” The case of
 
 Scarboro
 
 v
 
 Tunnell,
 
 6 Ire.
 
 Eq.
 
 103, is decisive of the power of the Court of Chancery to .make such an order as the one in this case. The bill was ■filed to set aside a deed, under which the defendant claim- ■ ed the property in dispute, upon the ground of forgery, which was denied by the answer. The Court declares, that it has always been the course in this State, to order the •instrument, in such cases, to be brought into Court for the •purpose of inspection. In
 
 Cooper and Cooper,
 
 2 Dev. Eq. 298, “Clearly,” says the Court, “the inspection of the in
 
 *165
 
 strument is indispensable to the plaintiff’s preparation for the hearing, as it is impossible, without the deed, that he can give evidence as to the handwriting, and various' other ■ matters, tending to show that the instrument is not genuine.'’ Here the defence is, that the instrument on which . the action is brought, is a forgery. How is it possible for the defendant to support his plea, that it is not the deed of his testator, unless he can have free access to it, both for his own inspection, and that of his witnesses ? Such testimony is pertinent to the issue the Jury have to.try. This, too, is the course of the English Courts of Chancery.—
 
 Beckford
 
 v
 
 Beckford,
 
 16 Vez. 438.
 

 There is no error in the interlocutory order of the Court . below, which will be certified.
 

 Per Curum. Ordered to be certified accordingly.