Peakson, J.
 

 The question presented in this case, arises under the act, ch. 31, sec. 86, Rev. Stat., as in the case of
 
 McGibboney
 
 v
 
 Mills,
 
 Ex’r, deceased, at this Term. For the reasons set forth in the opinion in that case, it is decided that the application came within the statute, and the defendant was entitled
 
 to the
 
 order he asked. The only-question here is, whether this case comes within that statute; and we are of opinion it does not. The action is brought to recover a sum of money due on two bonds.— The defendants demanded oyer, and pleaded the general issue with other pleas. On the trial, the plaintiff was called, and failing to appear was non-suited, a new trial granted, and leave given to amend his declaration. He then filed an affidavit, setting forth that the defendants were in possession of the evidences of the debt, upon which the action was brought, and moved for an order upon them to produce them on the trial. His Honor refused the order, and the plaintiff appealed to this Court. The object of the motion was to enable the plaintiff to amend his declaration, or rather to file a declaration, for he admitted, by his non-suit and motion, that he could not get along with his action without it. We should not hesitate to grant him the order, if we thought he presented a case provided for by the act. The statute provides the course to be pursued by the Court, where either party shall fail, for reasons not satisfactory, to comply with the order. If it be the plaintiff, a judgment of non-suit shall be rendered; if it be the defendant, a judgment by default. The act then only contemplated such a state of the suit, as would render, on the part of a plaintiff, a judgment efficacious, such as the Court could make, and upon which he might proceed to so-
 
 *167
 
 cure redress, without the aid of the papers withheld.— What judgment can the Court render here ? No declaration is filed, setting forth what is due and claimed by the plaintiff. This motion is not to give parol evidence of the papers or bonds withheld, upon notice to produce them on the trial, but to be permitted to proceed under the Act of
 
 ’36.
 
 What judgment, then, under that Act, could the Court render, for what sum, and how is it to be ascertained ? There is nothing in the pleadings to guide them. A Court of Equity would, no doubt, aid the plaintiff to a discovery, Th
 
 ung
 
 v
 
 Edgar,
 
 1 Cond. Eng. Ch. Rep. 456 ; but, sitting in a Court of Law, we have no such power, except under the Act of :36. It is true, that Act provides, that the Court of Law, where the case is pending, shall have power to make an order for the production of books and other writings, “ in cases, and under circumstances, where they (the parties) might be compelled to produce the same, by the ordinary rules of Chan eeryand there can be, I presume, little doubt, but what a Court of Chancery, as before mentioned, has the power, in a case like this, to order a discovery. And if the Act had stopped here, we certainly would consider the application now made, to be within its operation. But it has not so stopped, but gone on to say, in substance, in what cases the Court of Law can act under it; namely, in cases so situated, that the Court, in applying it, can efficaciously act in favor of the party moving. Here, in our opinion, the Court cannot so act, and this case is not within the Statute.
 

 Peh Cuiuam. It must be certified to the Court, that there is no error in the interlocutory judgment.