E. T. VANN v. L. C. LAWRENCE.

*Appeal—Examination of Adverse Party—Witness.*

1. It is not necessary that a party to an action who desires to examine the adverse party before the trial, under §§ 580 and 581 of *The Code*, shall first obtain leave from the Court to make such examination. The words of the statute, "unless for good cause shown the Judge shall order otherwise," apply only to the length of the time of notice, less than five days.
2. An appeal from an order of the Court, before which such an examination is being made, directing the examination to proceed, is premature.

This is AN APPEAL from an order of *Shuford, J.*, made in the above-entitled cause, at Spring Term, 1892, of the Superior Court of Hertford County.

On the 26th day of March, 1892, the plaintiff caused a notice and subpœna to be served on the defendant, that at the time and place named he would examine the defendant as a witness in this action, then pending. The defendant filed the following answer before the Clerk:

"1. That the defendant is advised and believes that the plaintiff is not entitled to examine the defendant and compel him to disclose his evidence in this case before a trial of said cause, without first obtaining an order in said cause upon notice for such examination.

"2. That he is advised that no such order has been obtained, and it does not appear that there is any necessity for taking said evidence prior to the trial of the cause.

" 3. That the defendant will be at the trial and go on the stand as a witness, where and when the plaintiff can examine and cross-examine defendant about any and all matters pertaining to the issues in said matters.

" 4. That the defendant is further informed and believes that the plaintiff has no just reason for asking for such examination, and he is advised by his counsel that he is not in law bound to testify under said notice.

" And he prays that said motion be discharged."

The Clerk refused to discharge the motion, and the defendant thereupon objected to the examination for reasons stated in the answer to the notice, and appealed from the Clerk's ruling. The Judge affirmed the judgment, and the defendant appealed to the Supreme Court.

No counsel for plaintiff.
*Mr. E. F. Aydlett,* for defendant.

CLARK, J.: *The Code,* § 580, provides that "a party to an action may be examined as a witness by the adverse party * * * either at the trial, or conditionally, or upon commission." The next section provides that "the examination, instead of being had at the trial, as provided in the preceding section, may be had at any time before the trial, at the option of the party claiming it, before a Judge or Clerk of the Court, on a previous notice to the party to be examined, or any other adverse party, of at least five days, unless for good cause shown the Judge shall order otherwise." Nothing in these two sections, or in the succeeding sections on that subject, 582, 587, suggests that leave to examine the opposite party must be obtained. On the contrary, the examination is treated as a right to be exercised before trial " at the option

of the party claiming it." The provision, "unless the Judge orders otherwise," applies to the length of notice which he can make less than the five days prescribed.

It is true that it is held in *Coates* v. *Wilkes*, 92 N. C , 376, and in *Hudson* v. *Jordan*, 108 N. C., 10, that this proceeding is a substitute for the old bill of discovery; that is to say, it serves the same purpose. But it is a *substitute* for the former proceeding, and not the same. This is explicitly stated in section 579. *Helms* v. *Green*, 105 N. C., 251. In the bill of discovery leave was required to obtain the examination of the opposite party, but it was almost a matter of course, and possibly was, therefore, left out of the new procedure as a useless formality. That the omission was intentional, may be seen by reference to section 578, immediately preceding, in regard to the inspection and copy of books, papers, &c., of the adverse party, which can only be had upon the order of the Court, made after due notice.

The appeal is premature. To stop the trial of a cause, pending an appeal to this Court, upon every isolated question of practice, or the admissibility of evidence, or the competency of a witness, and the like, would indefinitely protract litigation and swell its cost. *Guilford County* v. *Georgia Company*, 109 N. C., 310, and cases there cited.

The defendant in the present case would have lost none of his rights, had he noted his exception and have proceeded with the trial. As the question before us is presented for the first time, we have, following the precedents cited in Wylde's case, 110 N. C., 500, passed upon it, but, none the less, it must be entered. Appeal dismissed.