JOHN R. PENDER, Receiver of John P. Mallett and C. B. Mehegan
v. JOHN P. MALLETT, C. B. MEHEGAN and S MALLETT
and the EDGECOMBE HOMESTEAD &
LOAN ASSOCIATION.

(Decided October 18, 1898).

*Pleading—Receivers—Fraudulent Deed by Insolvent Husband.*

1. If a pleading is argumentative and evidentiary, the remedy is by motion for a repleader and not by demurrer.

2. An amended or substituted complaint filed by leave of Court may be different from or even antagonistic to the original complaint, *provided*, the effect of the change is not to confer jurisdiction, or evade defenses (as Statute of Limitations) which could have been pleaded to the original complaint

3. A Receiver is the hand of the Court, and does not represent the debtor alone, and can bring an action by order of Court to set aside fraudulent conveyances of the debtor.

4. Where an insolvent husband has conveyed property to his wife in fraud of his creditors, it may be recovered in her hands, the husband being joined as defendant, if the wife is not a free trader. If she has invested the proceeds in other property the fund may be followed.

APPEAL from an order in the cause made by *Brown, J.*, at June Term, 1898, of the Superior Court of EDGECOMBE County.

The action was brought by the plaintiff as Receiver, for the purpose of recovering certain property which was alleged to belong to the firm, in failing circumstances, composed of John P. Mallett and C. B. Mehegan, defendants, and to have been fraudulently placed in possession of defendant, Mrs. S. Mallett, wife of one of the firm and sister of the other. The complaint also claimed a debt, alleged to be due from the defendant, Loan Association to John P. Mallett. There was a demurrer filed to the complaint. By leave of Court an amended complaint was filed October 11th, 1897, eliminating the Loan Association from the action. At April term, 1898, a second demurrer was filed, which was overruled and defendants allowed until May 20th, 1898, to answer and, on motion of plaintiff, an order was made for the examination of the defendants before the clerk at his office on May 23rd, 1898.

The defendants except to the order and judgment, and appealed. The Court notes the exception, but is of opinion that no appeal now lies, and the Clerk is ordered not now to send up any transcript and also to proceed to take said examination unless otherwise ordered by Supreme Court.

The defendants applied to the Supreme Court for a *certiorari* for the purpose of reviewing said orders and obtained the same. The certificate declared that "the

*certiorari* will issue, but it will not suspend the order of examination of defendants"—being applicable only to the judgment overruling the demurrer—and this was held, in this case *Pender* v. *Mallett*, 122 N. C., 163.

On June 7th, 1898, the time fixed for proceeding with the examination of defendants, they appeared before the Clerk, and Mrs. S. Mallett moves to dismiss the proceedings among other grounds, because the order for the examination provided for its being taken after answer filed. The motion was overruled, and defendants except and appeal to the Judge of the Superior Court, and contended that the examination could not be proceeded with until the appeal was decided by the Judge.

The plaintiff contended that the Clerk should proceed with the examination, noting defendant's exception, and that the appeal, without taking the examination would be premature.

The Clerk decided that the defendant's contention was correct, and refused to proceed with the examination. The plaintiff excepted and appealed to the Superior Court Judge.

At June Term, 1898, this cause coming to be heard upon appeal from Clerk by defendants, the Court decided that the appeal will not lie from an order directing the examination of parties, and directed the Clerk to proceed with the examination.

To this order the defendants object, and except for that the Court holds that they cannot appeal from the decision of the Clerk in this matter. For that the Court failed to pass upon the question of law raised in the appeal in this action. For that as a question of law, the plaintiff is not entitled to this examination.

Appeal by defendants to Supreme Court.

*Mr. G. M. T. Fountain,* for defendants (appellants).

*Messrs. Jacob Battle* and *Gilliam & Gilliam,* for plaintiff.

CLARK, J.:   Under *The Code,* Section 581, the defendant may be examined before pleadings filed to procure information in framing the complaint as was the case in *Holt* v. *Warehouse Co.,* 116 N. C., 480, where it is held that an appeal from such order was premature and would be dismissed; or, the defendant may be examined after answer filed to procure evidence in the cause, *Helms* v. *Green,* 105 N. C., 251; *Vann* v. *Lawrence,* 111 N. C., 32; and in the latter case the Court held that an appeal from such an order would be premature, pointing out that trials would be needlessly prolonged and costs extravagantly swelled if an appeal could lie to this Court, "upon every isolated question of practice or the admissibility of evidence, competency of witnesses or the like."

The examination in this case not having been asked to procure evidence in framing the complaint, his Honor Judge Bryan properly held at Fall Term, 1897, that the order to examine the defendants before answer filed was premature.   At April Term, 1898, Judge Brown overruled the demurrer and gave the defendants till May 20, to file answer, and ordered examination to be taken May 23.   The issue would regularly have been joined by filing the answer at April Term, and as by the grace of his Honor time was given till the 20th of May, he was within the practice by setting the examination for May 23, a date after issue should be joined, and the former order of Judge Bryan, made at a different stage of the cause, was not *res judicata.*   The defendants appealed at April Term, 1898, which lay from overrul-

ing the demurrer though not from an order directing
examination of witnesses, and this was held in this case,
*Pender* v. *Mallett,* 122 N. C., 163.   The appeal would
ordinarily stop all proceedings in the lower court,
including proceedings under orders from which, if con-
sidered alone, an appeal would be premature.   But in
this cause, upon the case as presented, we directed that
the writ of *certiorari* should not suspend the order of
examination of the defendants—a matter which rested
in the discretion of this Court, *Code*, Section 957.

   This brings us to the consideration of the demurrer,
from overruling which an appeal lay, but as to which
we find no error.   The first two grounds of first
demurrer for misjoinder are eliminated by the omission
of the parties and causes of action objected to in the
second or substituted complaint filed by leave of court,
and the finding of fact by Judge Brown that there has
been a discontinuance as to them.   The third ground of
demurrer that the complaint was argumentative and
evidentiary is not ground for demurrer, but if true
would have sustained a motion (if made before answer
or demurrer) for a repleader and to make the complaint
more explicit.   *Daniel* v. *Fowler,* 120 N. C., 14.   As to
the first additional ground of the amended demurrer,
the second complaint is not for a different cause of
action and antagonistic to the first, but merely a differ-
ent mode of stating the same cause of action, and if it
were as the demurrer alleges, the second complaint is in
effect a substituted complaint by leave of the court and
might be different or even antagonistic to that stated in
the original complaint, for this is not the case of an
amendment of summons or even of the complaint, to
confer jurisdiction by charging an entirely new cause of
action or evading defences to the original action, which

would not be admissible. *Gilliam* v. *Ins. Co.*; 121 N.
C., 369. The second additional ground of demurrer
cannot be sustained. The receiver is the hand of the
court, bringing this proceeding under its orders, and is
not the representative of the debtors alone and can
maintain an action to set aside fraudulent transactions
of the debtors. 24 Am. & Eng. Enc., 699, notes; *Porter* v.
*Williams*, 59 Am. Dec., 523 and notes. As to the last
ground of demurrer, the defendant S. Mallett is now a
free-trader and sued as such. It is immaterial that the
property came into her hands before she was made a free-
trader. But even if she were not a free-trader, the
action concerns property she claims as her separate
property and she can be sued in regard thereto, no mat-
ter when she acquired it, her husband being joined with
her as defendant. *Code*, Section 178, 424 (4). It can-
not be allowed that when an insolvent husband (or his
firm as here charged) makes over his property to his
wife in fraud of his creditors, she cannot be sued for the
recovery thereof because she is a married woman. If in
such case the specific property (money for instance) has
been invested in some other shape, the fund may be
followed. *Edwards* v. *Culberson*, 111 N. C, 344 and
cases there cited.

No error.