H. CHESSON ET AL. v. THE WASHINGTON COUNTY BANK ET AL.

(Filed 30 September, 1925.)

**1. Evidence—Discovery—Pleadings—Statutes.**

To obtain an order for the examination of defendant to discover necessary information to file his complaint under the provisions of C. S., 900 *et seq.*, it is necessary for the plaintiff to show under oath that in good faith the information sought is not otherwise available to him, and its

necessity in such detail as will enable the court to pass thereon, and when an appeal from the refusal of the order, this has not been done, the decision of the lower court will not be disturbed.

**2. Appeal and Error—Record—Case on Appeal—Variance.**

Where the record does not state the truth in regard to an appeal, the appellant should move the trial court to have it corrected, and where there is a variance between the record proper and the case on appeal as to an exception claimed to have been taken, the former will control.

APPEAL by defendants from *Cranmer, J.,* at Chambers in Tarboro, 1 April, 1925. From WASHINGTON.

Civil action pending in the Superior Court of Washington County.

The plaintiffs, desiring to elicit certain information upon which to draft their complaint, notified the defendants that they would move before the judge of the Superior Court, holding the courts of the Second Judicial District, at Tarboro on 1 April, 1925, for an order directing the defendants to appear before a commissioner and submit themselves to examination at the hands of the plaintiffs for the purpose of giving the plaintiffs an opportunity to procure information to frame their complaint. Upon this notice and application, the judge granted the motion, except as to the Branch Banking & Trust Company, receiver of the United Commercial Bank, to which order the other defendants then and there excepted, noted their exception of record, and from which order they subsequently appealed.

*W. L. Whitley for plaintiffs.*
*P. W. McMullan, Zeb. Vance Norman and Ward & Grimes for defendants.*

STACY, C. J. The order of examination, from which the defendants appeal, was entered on motion in the cause, made by plaintiffs under authority of C. S., 900 *et seq.,* to procure information for the drafting of their complaint.

According to the decisions, dealing directly with the subject, it has been held that, after the commencement of an action, a preliminary examination of the defendant may be had by the plaintiff, (1) before filing complaint, if it be made to appear that such is necessary to enable the plaintiff to draft his complaint (*Holt v. Warehouse Co.,* 116 N. C., 480); and (2) after pleadings have been filed, the plaintiff may cause the defendant to be examined, to the end that he may procure evidence for the trial. *Vann v. Lawrence,* 111 N. C., 32.

Likewise, the defendant may have the plaintiff examined (1) before filing answer, if it be made to appear that such is necessary to enable the defendant to draft his answer, especially if an affirmative defense

or counterclaim is to be set up; and (2) after pleadings have been filed, the defendant may cause the plaintiff to be examined, to the end that he may procure evidence for the trial. *Jones v. Guano Co.,* 180 N. C., 319.

Speaking to the second or latter right, as affecting both parties, *Avery, J.,* in *Helms v. Green,* 105 N. C., p. 262, said: "When the pleadings are complete, other material facts may be elicited from an adversary by examination in support of the main action or the cross-action set up in the counterclaim, if the disclosures by way of admissions are not deemed sufficiently full. A party who puts his adversary on the stand gives him an opportunity to testify in his own behalf on cross-examination, and waives his right of impeaching him by attacking his credibility, but retains the privilege of contradicting him by testimony of other witnesses inconsistent with his."

But in the instant case, plaintiffs are seeking to elicit, by examination of the defendants, information to enable them to draft their complaint. No affidavit appears in the record on which the motion for order of examination was made, and it is the approved position with us that such a motion should be based upon an affidavit stating the facts which entitle the plaintiffs to the order. Speaking directly to the question in *Bailey v. Matthews,* 156 N. C., p. 81, *Walker, J.,* said:

"In a proceeding of this kind, it is of the first importance that the application for an order of examination should be under oath, stating facts which will show the nature of the cause of action, so that the relevancy of the testimony may be seen and the Court may otherwise act intelligently in the matter, and it should appear in some way, or upon the facts alleged, that it is material and necessary that the examination should be had and that the information desired is not already accessible to the applicant. It should also appear that the motion is made honestly and in good faith and not maliciously—in other words, that it is meritorious. 8 Enc. of Pl. and Pr., p. 41 *et seq.* Surely, a clerk or judge is not bound to grant such an order if it appears to be unnecessary, or if the evidence sought to be elicited is immaterial, or the application appears to be made in bad faith. It is but just and right that the application should be made under the obligation and responsibility of an oath to protect the respondent against false and malicious accusations and vexatious proceedings. The law will not permit a party to spread a dragnet for his adversary in the suit, in order to gather facts upon which he may be sued, nor will it countenance any attempt, under the guise of a fair examination, to harass or oppress his opponent. It is a very rare case that requires the exercise of this function of the court, and the order should not be made without careful consideration and scrutiny."

To like effect are the holdings in *Fields v. Coleman,* 160 N. C., 14; *Jones v. Guano Co.,* 180 N. C., 319, and *Monroe v. Holder,* 182 N. C., 79.

The judge certifies, however, in response to a *certiorari,* issued at the instance of the plaintiffs, that, as he understood the order, it was entered by consent, though he allowed an exception to be noted at the time. This, it will be observed, is at variance with the record as it appears on the minutes of the Superior Court and as certified to this Court. Under such conditions, it is the uniform holding with us that the record proper must govern. *S. v. Wheeler,* 185 N. C., 670; *Moore v. Moore, ibid.,* 332. The judgment is a part of the record proper. *Thornton v. Brady,* 100 N. C., 38. The plaintiffs were remiss in allowing the record to show an excepted order, when it was entered by consent, and they should have lodged a motion before the judge to have the judgment, as recorded, speak the truth. Having neglected to do this, we must dispose of the appeal on the record as it stands below and as certified to this Court. *Bartholomew v. Parrish, ante,* 151.

The order, as we are compelled to deal with it, appears to have been improvidently granted, under the authorities above cited, and it is accordingly

Reversed.