J. L. ABBITT v. WILLIS N. GREGORY and THE DAVISON CHEMICAL
COMPANY, A CORPORATION.

(Filed 12 September, 1928.)

1. **Equity—Bill of Discovery—Examination of Adverse Party—Evidence.**

    A party to a suit has the right to examine an adverse party before a
    judge, commissioner appointed to take depositions, or before the clerk of
    the court, upon giving five days notice to the adverse party, and it is not
    necessary to obtain leave of court to make such examination, C. S., 900,
    and this result is not affected by the nonresidence of the adverse party
    when such party has submitted to the jurisdiction of the court by filing
    pleadings.

2. **Appeal and Error—Review of Interlocutory Orders—Premature Ap-
    peals—Dismissal.**

    Where an order for an examination of an adverse party in order to
    obtain evidence is granted in an action in which the pleadings have been
    filed, an appeal from such order prior to the examination is premature,
    and will be dismissed.

3. **Equity—Bill of Discovery—Inspection of Writings—Evidence—Dis-
    cretion of Court.**

    It is within the sound discretion of the trial court to order a party to
    give to the adverse party an inspection and copy of any books, papers
    and documents in his possession or under his control which contain evi-
    dence relating to the merits of the action or the defense thereto. C. S.,
    1823.

4. **Appeal and Error—Review of Orders within Discretion of Lower
    Court—Dismissal.**

    Where the trial court, within his discretion, has ordered a party to
    give to the other an inspection and copy of certain books, papers or docu-
    ments containing material evidence, and the order is supported by suffi-
    cient findings of fact, and there is no evidence of abuse of such discretion,
    the order is not reviewable on appeal, and the appeal will be dismissed.

5. **Equity—Bill of Discovery—Extent and Rights of Remedy.**

    Both an examination of an adverse party and an order for an inspection
    of writings in his possession or under his control may be had under our
    statutes.

APPEAL by defendants from order of *Moore, Special Judge,* at April
Term, 1928, of PERQUIMANS.    Appeal dismissed.

Both complaint and answers have been duly filed in the above en-
titled action, which is now pending in the Superior Court of Per-
quimans County.

For the purpose of procuring evidence to be used at the trial of the
action, plaintiff moved the court, upon a verified petition, for an order
directing (1) that defendants each give to the plaintiff the right to

inspect and to take copies of certain documents and papers described in the petition, and in the possession, or under the control of the defendants, respectively, and (2) that defendant, Willis N. Gregory, and defendant, The Davison Chemical Company, and certain officers of said company, named in the petition, appear at a time and place to be fixed in said order, then and there to be examined by the plaintiff, respecting the matters and things alleged in the complaint and answers. Defendants appeared at the hearing, and having filed answers to the petition, resisted plaintiff's motion.

From the order entered by the court, in accordance with the prayer of the petition, and the motion of plaintiff, defendants appealed to the Supreme Court.

*McMullan & LeRoy, Ehringhaus & Hall, Willcox, Cooke & Willcox, and Battle & Winslow for plaintiff.*

*Whedbee & Whedbee, Garnet, Taylor & Edwards, and L. I. Moore for defendant, Gregory.*

*Whedbee & Whedbee, Jesse N. Bowen and Stephen C. Bragaw for defendant, Chemical Company.*

CONNOR, J. It is provided by statute in this State that a party to an action may be examined as a witness at any time before the trial of the action, at the option of the party claiming the right to such examination, before a judge, commissioner duly appointed to take depositions or before the clerk of the court, on a previous notice to the party to be examined and any other adverse party, of at least five days, unless for good cause shown the judge or court orders otherwise. Where a corporation is a party to the action, this examination may be made of any of its officers or agents. The party to be examined may be compelled to attend in the same manner as a witness who is to be examined conditionally; but he shall not be compelled to attend in any county other than that of his residence, or where he may be served with summons for his attendance. If a party to an action, who has been duly summoned to appear and submit to such examination, refuses to attend and testify, he may be punished as for a contempt and his pleadings may be stricken out. C. S., 900 *et seq.*

It has been held by this Court that it is not necessary that a party to an action, who desires to examine an adverse party, as authorized by the statute, shall first obtain leave from the court to make such examination. The proceeding under the statute differs in this respect from the proceeding to obtain a bill of discovery, for which the statute is a substitute. *Vann v. Lawrence,* 111 N. C., 32, 15 S. E., 1031. Where,

however, an order for an examination is obtained in an action in which the pleadings have been filed, and the examination is desired to procure evidence to be used at the trial, an appeal from such order, prior to the examination is premature, and will be dismissed. *Monroe v. Holder,* 182 N. C., 79, 108 S. E., 359. The appeal, therefore, from the order directing defendants to appear and be examined by plaintiff, in accordance with the terms of the order, is premature and must be dismissed. The fact that both defendants are nonresidents of this State is immaterial. They have each appeared in this action, in person and by attorneys, and are subject to the jurisdiction of the Superior Court of Perquimans County with respect to all matters involved in this action.

It is further provided by statute in this State that "The court before which an action is pending, or a judge thereof, may in their discretion, and upon due notice, order either party to give to the other, within a specified time, an inspection and copy, or permission to take a copy, of any books, papers and documents in his possession or under his control, containing evidence relating to the merits of the action or defense therein. If compliance with the order be refused, the court on motion, may exclude the paper from being given in evidence, or punish the party refusing, or both." C. S., 1823.

Upon facts found by the judge, from evidence sufficient to sustain such findings, the judge, in his discretion, has made the order from which defendants have appealed. The facts found by the judge are sufficient to support the order which, having been made in the exercise of discretion vested in the judge by statute, in the absence of any evidence to sustain a contention that there was an abuse of such discretion, is not reviewable on appeal to this Court. The appeal must therefore be dismissed.

The contention of defendants that an examination of an adverse party, under C. S., 900 *et seq.,* cannot be joined with an order for an inspection of writings, in the possession or under the control of the party to be examined, is not sustained. Both statutes are remedial, and should be liberally construed to advance the remedy intended thereby to be afforded to the party to an action pending in the courts of this State. The rights of defendants upon such examinations as may be had, and upon the exercise of the right of inspection given to plaintiff by the order, may be amply protected by timely objections, and exceptions to rulings adverse to them.

Appeal dismissed.