MINNIE SWAINEY, ADMINISTRATRIX OF JAMES SWAINEY. DECEASED, v. THE GREAT ATLANTIC AND PACIFIC TEA COMPANY AND B. M. BEALER, JR.

(Filed 14 June, 1933.)

1. Death B a—Action for wrongful death may be maintained within one year from nonsuit in first action brought within time limit.

Where an action for wrongful death has been instituted within one year from the accrual of the cause of action, and a nonsuit has been entered therein, and plaintiff has paid all costs charged against her

in the action, the plaintiff may maintain another action commenced within one year from the date of the nonsuit, C. S., 415, although more than a year has elapsed since the accrual of the cause of action, C. S., 160, and the fact that the plaintiff has been assessed with additional costs upon motion for reassessment made in the second action and has not paid the cost so reassessed is immaterial.

**2. Evidence D k—**

Where a defendant has been examined after the filing of the complaint in the action, but before trial in accordance with C. S., 900, his answers to the questions propounded on the examination are competent as evidence at the trial.

**3. Judgments L a—**

A judgment as of nonsuit will not bar a subsequent action on the same cause of action where the evidence in the second action is not identical with the evidence in the first action.

**4. Negligence D c—**

Where the evidence is sufficient to support the allegations in the complaint alleging a cause of action for negligent injury, defendant's motion for judgment as of nonsuit is properly refused.

APPEAL by defendants from *Alley, J.,* at April Term, 1933, of BUNCOMBE. Affirmed.

This is an action to recover of the defendants damages for the death of plaintiff's intestate.

The action was begun and tried in the General County Court of Buncombe County on the issues raised by the pleadings. These issues were answered by the jury as follows:

"1. Was the plaintiff's intestate injured and killed by the negligence of the defendant, B. M. Bealer, Jr., as alleged in the complaint? Answer: Yes.

2. Was the plaintiff's intestate injured and killed by the negligence of the defendant, The Great Atlantic and Pacific Tea Company, as alleged in the complaint? Answer: Yes.

3. Did the plaintiff's intestate by his own negligence contribute to his injuries and death as alleged in the answer? Answer: No.

4. What amount, if any, is the plaintiff entitled to recover? Answer: $4,500."

From judgment that plaintiff recover of the defendant the sum of $4,500, with interest and costs, the defendants appealed to the Supreme Court, assigning errors in the trial.

At the hearing of this appeal, defendants' assignments of error were overruled. The judgment was affirmed, and defendants appealed to the Supreme Court.

*Braxton Miller and Zeb F. Curtis for plaintiff.*

*Little, Smith, Kitchin & Auten for defendant, The Great Atlantic and Pacific Tea Company.*

*Carl W. Greene for defendant, B. M. Bealer, Jr.*

CONNOR, J. On 22 October, 1930, James Swainey, plaintiff's intestate, about 16 years of age, while riding on his bicycle on a street in the city of Asheville, N. C., was struck and fatally injured by an automobile which was owned by the defendant, The Great Atlantic and Pacific Tea Company, and driven by the defendant, B. M. Bealer, Jr., an employee of his codefendant. He died from his injuries on 25 October, 1930.

This action was begun on 27 June, 1932. It was not begun within one year from the date of the death of plaintiff's intestate. The plaintiff, however, instituted an action in the General County Court of Buncombe County in November, 1930, to recover of the defendants damages for the death of her intestate on the identical cause of action as that alleged in the complaint in this action. That action was dismissed by judgment as of nonsuit on 6 March, 1932. See *Swainey v. Tea Co.*, 202 N. C., 272, 162 S. E., 557. The plaintiff was entitled to maintain this action, therefore, notwithstanding the provision of C. S., 160, if prior to its commencement, she had paid the costs of the former action which had been taxed against her. C. S., 415. It was admitted at the trial of this action, that the plaintiff had paid all the costs on the former action, which had been taxed against her, prior to the commencement of this action. After this action was commenced, defendants' motion in the former action to retax the costs in that action was allowed, and an additional sum was taxed against her as part of the costs in the former action. She has not paid this additional sum. This, however, is immaterial on the question as to whether the plaintiff can maintain this action, and there was no error in the ruling of the trial court to that effect. See *Hunsucker v. Corbitt*, 187 N. C., 496, 122 S. E., 378. This action, although begun more than a year after the death of plaintiff's intestate, was begun within one year after the former action was dismissed by judgment as of nonsuit, and after the plaintiff had paid all the costs taxed against her in the former action. This was sufficient to entitle plaintiff to maintain this action. C. S., 415.

On their appeal to the Superior Court from the judgment of the General County Court of Buncombe County, the defendants assigned as errors rulings of the trial court on their objections to the admission and rejection of evidence at the trial. These assignments of error were properly overruled by the judge of the Superior Court. The examination of the defendant, B. M. Bealer, Jr., at the instance of the plaintiff, before the judge of the General County Court, after the complaint was filed

and before the trial of the action, was authorized by statute. C. S., 900. The answers to the question propounded to him on this examination were competent as evidence at the trial when offered by the plaintiff. C. S., 900.

The cause of action alleged in the complaint in this action is identical with that alleged in the complaint in the former action. The evidence at the trial of this action, however, tending to show the liability of defendants for the damage sustained by plaintiff by the death of her intestate, was not the same as the evidence at the former trial. For that reason the judgment dismissing the former action as of nonsuit, does not preclude plaintiff's recovery in this action. *Hamplon v. Spinning Co.*, 198 N. C., 235, 151 S. E., 266.

We find no error in the rulings of the judge of the Superior Court on defendants' assignments of error based on exceptions at the trial in the General County Court. There was evidence at the trial tending to support the allegations of the complaint, and there was therefore no error in the refusal of the trial court to dismiss the action by judgment as of nonsuit. There is no error in the judgment. It is

Affirmed.