ADDIE DOUGLAS OGBURN v. STERCHI BROTHERS STORES, INC.

(Filed 20 November, 1940.)

**1. Costs § 1b—**

A typewritten statement, purporting to have been signed by plaintiff, to the effect that plaintiff was unable to comply with C. S., 493, which statement is followed by an unsigned, unsealed and unauthenticated jurat is not an affidavit, and will not support an order allowing plaintiff to prosecute the action as a pauper, C. S., 494, but the deficiency does not necessarily require the dismissal of the action, since the court may give plaintiff a reasonable time to supply the deficiency.

**2. Bill of Discovery § 1—**

An order for the examination of an adverse party is improvidently granted plaintiff after complaint has been filed and before answer, since in

such case the relief is not sought to obtain information to frame the complaint, and until answer is filed and issues joined, the application is premature for the purpose of obtaining evidence for the trial.  C. S., 900, 901.

**3.  Appeal and Error §§ 37b, 38—**

Since the burden of showing error is on appellant, when the record fails to show to the contrary, it will be presumed that appellant's motion for a bill of particulars was denied by the court in the exercise of its discretion, and not as a matter of law, which discretionary ruling is not ordinarily reviewable.

APPEAL by defendant from *Sink, J.,* at May Term, 1940, of MECK-LENBURG.

This is an action to recover damages for the wrongful taking and withholding of certain personal property of the plaintiff by the defendant.

*No counsel for plaintiff, appellee.*
*E. A. Hilker and Alvin A. London for defendant, appellant.*

SCHENCK, J.  The defendant's first assignment of error is "That the court erred in overruling the defendant's motion to dismiss on account of failure to post bond or comply with section 493, *et seq.,* of the Consolidated Statutes of North Carolina."

The record discloses that the plaintiff did not give an undertaking, did not make a deposit in lieu thereof, and did not file written authority from the judge or clerk authorizing plaintiff to sue as a pauper, as by C. S., 493, required.  The record further discloses that the plaintiff did not make affidavit that she was unable to comply with the preceding section as by C. S., 494, required.

The record contains a typewritten statement, which purports to have been signed by the plaintiff, to the effect that she is unable to comply with the requirements of C. S., 493, which statement is followed by an unsigned, unsealed and unauthenticated jurat.  This does not constitute an affidavit as required by C. S., 494.  An affidavit is "A written or printed declaration or statement of facts, made voluntarily, and confirmed by the oath or affirmation of the party making it, taken before an officer having authority to administer such oath."  Black's Law Dictionary (2d Ed.), p. 46.

The clerk allowed the defendant's motion to dismiss the action for the reason that the plaintiff had not complied with the requirements of C. S., 493 or 494, but upon appeal the judge reversed the action of the clerk and disallowed the defendant's motion to dismiss.  In this we are of the opinion, and so hold, there was error.

The order allowing the plaintiff to sue as a pauper is reversed, and the case is remanded to be proceeded in according to law.  The judge of the Superior Court need not necessarily dismiss the plaintiff's action

by reason of there being no authentication of her attempted affidavit. He may, if he shall think proper, continue the cause until she has had reasonable time to supply the defect by swearing to her affidavit before an officer duly authorized to take and certify the same. *Miazza v. Calloway,* 74 N. C., 31.

The defendant's second assignment of error is "That the court erred in overruling the defendant's motion to strike out the subpœna and the commission granted, appointing J. H. McLain commissioner (to examine the credit manager of the defendant)." We are of the opinion, and so hold, that this assignment is well taken.

It appears from the record that the complaint has been filed and that the answer has not been filed. The purpose of the statutes, C. S., 900 and 901, allowing an examination of an adverse party, in so far as they relate to the plaintiffs, is twofold: first, to procure information in framing the complaint, and second, to procure evidence for trial. Since the complaint has been filed the order granting the commission to examine the adverse party was not obtained for the first purpose, and since the answer has not been filed it is obvious that the application for the order for the second purpose is premature, since no issues have yet been joined. *Pender v. Mallett,* 123 N. C., 57. "This proceeding (for examination of adverse party) may be permitted to the plaintiffs to procure information to frame complaint, *Holt v. Warehouse Co.,* 116 N. C., 480; or after answer is filed the plaintiff may cause the defendant to be examined to procure evidence, *Helms v. Green,* 105 N. C., 251; *Vann v. Lawrence,* 111 N. C., 32." *Jones v. Guano Co.,* 180 N. C., 319.

The defendant's third assignment of error is "That the court erred in overruling the defendant's motion for a Bill of Particulars." This assignment cannot be sustained, since it does not appear from the record whether the ruling of the court was made in its discretion or as a matter of law, and, the burden of showing error being upon the appellant, it is presumed that such ruling was correctly made, that is in the discretion of the court. "An application for a bill of particulars under C. S., 534, . . . is addressed to the sound discretion of the trial court, and his ruling thereon, made in the exercise of such discretion, is not reviewable on appeal, except perhaps in extreme cases." *Tickle v. Hobgood,* 212 N. C., 762, and cases there cited.

Error and remanded.