Fox *v.* YARBOROUGH and McKNIGHT *v.* YARBOROUGH and REID *v.* YARBOROUGH.

contentions of the State and the defendant. Considering the charge contextually, we are unable to perceive wherein prejudice or unfairness properly could be attributed to the language used. *S. v. Hairston,* 222 N. C., 455, 23 S. E. (2d), 885; *S. v. Shepherd,* 220 N. C., 377, 17 S. E. (2d), 469.

Assignments of error relating to the denial of defendant's motion for judgment of nonsuit have been abandoned. The only other assignments of error are formal.

After a careful examination of the record as to the rulings complained of, we conclude that in the trial below there was

No error.

---

### AGNES CURRENCE FOX v. W. J. YARBOROUGH
### and
### ROSENA McKNIGHT, by Her Next Friend, E. S. McKNIGHT, v. W. J. YARBOROUGH
### and
### ROSEDIA REID v. W. J. YARBOROUGH.

(Filed 21 November, 1945.)

**1. Pleadings § 27½ —**

     After complaint is filed and before answer is filed, the provisions of the statutes, G. S., 1-569, and G. S., 1-570, are available to defendant for adverse examination of plaintiff to procure information to file answer.

**2. Bill of Discovery §§ 1, 2: Pleadings § 27½ —**

     The procedure, under G. S., 1-569, and G. S., 1-570, may be permitted to the plaintiff to procure information to frame complaint, or after answer is filed plaintiff may cause the defendant to be examined to procure evidence. And by parity the defendant may have the plaintiff examined to procure information to file answer, or after the answer is filed to procure evidence for the trial.

**3. Bill of Discovery § 3—**

     When a proper order is made for examination of the adverse party under G. S., 1-569, and G. S., 1-570, appeal therefrom is premature and, ordinarily, will be dismissed.

APPEAL by plaintiffs from *Sink, J.,* 10 September, 1945. From MECKLENBURG.

Three civil actions for recovery of damages resulting from alleged actionable negligence of defendant—it being stipulated that all relate to the same collision between two automobiles, and that the ruling in either on this appeal shall affect all.

Fox *v.* YARBOROUGH and McKNIGHT *v.* YARBOROUGH and REID *v.* YARBOROUGH.

After the plaintiffs, respectively, had filed their complaints, and defendant had obtained time to file answers, defendant filed a motion in each case before the clerk of Superior Court for an order for adverse examination of plaintiffs. The motion was supported by affidavit in pertinent part as follows: "That a summons has been issued and a complaint has been filed in this court in the above entitled action; that the defendant is without knowledge concerning certain of the facts alleged in the complaint and which it is necessary for the defendant to have in order properly to draft and file his answer herein; that such information is not otherwise available to the defendant; that the said information is material and necessary and this application is made in good faith and that an examinaton of the plaintiff in this action as provided by the statute is necessary in order that the defendant may file his answer and present his defense herein."

Thereupon, orders for adverse examination of plaintiffs, respectively, in "manner provided by the General Statutes of North Carolina" were entered on 18 June, 1945—notice of which was issued to and served upon plaintiffs, respectively, and their attorneys.

Whereupon plaintiffs, respectively, through their attorneys, demurred to, and moved to strike out said orders for adverse examination for that, "the plaintiffs have filed their complaints in the above entitled actions, and have fully set forth therein the facts which constitute said causes of action, and that the defendant has not filed answer in either of the above named cases, and therefore, as a matter of law, has no right to adversely examine either of the above named plaintiffs before filing answer."

When on 10 September, 1945, the cases came on for hearing upon demurrers to and motions to strike out the orders for adverse examination, and after hearing arguments of counsel for plaintiffs and for defendant, the court entered order overruling the demurrer and denying motions to strike.

Plaintiffs, respectively, appeal therefrom to the Supreme Court and assign error.

*Henry L. Strickland and John G. Carpenter for plaintiffs, appellants.*
*McDougle & Ervin for defendant, appellee.*

WINBORNE, J. Taking note of the fact that plaintiffs do not challenge the sufficiency of the showing made by defendant in support of his motions upon which the orders in question are based, decision on this appeal is restricted to this question: After complaint is filed, and before answer is filed, are the provisions of the statute, G. S., 1-569, and G. S.,

1-570, available to defendant for adverse examination of plaintiffs to procure information to file answer?

The question is answered by the statute, and in interpretative decisions of this Court.

The statute provides that a party to an action may be examined as a witness by the adverse party. The decisions declaring the right of a plaintiff to adversely examine a defendant for the purpose of obtaining information upon which to file complaint are numerous. And this Court speaking to the subject has said that the statute gives the right alike to plaintiff and defendant. *Jones v. Guano Co.,* 180 N. C., 319, 104 S. E., 653, and *Chesson v. Bank,* 190 N. C., 187, 129 S. E., 403.

While in *Jones v. Guano Co., supra,* the right was denied to defendant upon other grounds, *Clark, C. J.,* speaking to the subject, declares: "This proceeding may be permitted to the plaintiff to procure information to frame complaint, *Holt v. Finishing Co.,* 116 N. C., 480, or after answer is filed the plaintiff may cause the defendant to be examined to procure evidence. *Helms v. Green,* 105 N. C., 251; *Vann v. Lawrence,* 111 N. C., 32. And by parity the defendant may have the plaintiff examined to procure information to file answer, or after the answer is filed to procure evidence for the trial." To like effect are expressions by *Stacy, C. J.,* in *Chesson v. Bank, supra.*

Hence in the present case the motion was properly made and allowed.

However, when a proper order for such examination has been made, appeal therefrom is premature and ordinarily will be dismissed. *Ward v. Martin,* 175 N. C., 287, 95 S. E., 621; *Monroe v. Holder,* 182 N. C., 79, 108 S. E., 359; *Abbitt v. Gregory,* 196 N. C., 9, 144 S. E., 297; *Johnson v. Mills Co.,* 196 N. C., 93, 144 S. E., 534.

Nonetheless, we have in our discretion elected to consider the appeal on its merit, *Ward v. Martin, supra.*

Affirmed.