JESSE R. NANCE v. GILMORE CLINIC, INC., DR. J. FRED MERRITT, DR. CHARLES W. REAVIS, AND HENRY C. KIRKGARD.

(Filed 2 June, 1949.)

**Bill of Discovery § 7b—**

> Under G.S. 8-89 a plaintiff is entitled to an order requiring defendant to produce specified papers and documents to afford information necessary to the filing of the complaint. *Flanner v. St. Joseph's Home,* 227 N.C. 342, distinguished in that the matter sought to be discovered in that case was not necessary as a basis for filing complaint but to the contrary related to matter which it would have been improper to allege or which was not necessary to the statement of the cause of action.

PLAINTIFF's appeal from *Edmundson, Special Judge,* February 21, 1949, Civil Term, GUILFORD Superior Court.

Plaintiff brought this action against the defendants to recover damages for alleged tortious defamation and disclosures of confidential information acquired professionally while making a checkup on plaintiff's physical condition and health in a clinic allegedly operated by them. At the same time notice of the nature of the action was given the defendants and an order obtained extending the time for filing the complaint. Simultaneously the plaintiff filed an affidavit setting forth the nature of the case, the facts upon which it was founded, the character of the relief sought, and the necessity of examining the defendants and the production by them of certain specified papers and documents, as information necessary to the filing of the complaint. The order and notice was duly served on defendants; the order requiring them to appear on a fixed day for such examination.

The examination was begun on the 22nd of September, having been continued from the original date, and at that time the clerk, on objection by the defendants, entered his order denying the motion of plaintiff to require the production of documents, but continued the hearing, apparently for examination of parties, to October 7. Defendants and plaintiff appealed.

Meantime plaintiff, on October 5, filed with the Clerk a separate petition and affidavit relating to the production and examination of certain specific documents and records, mostly relating to the clinical examination made by defendants, and concerning the relation the several defendants have to each other and to the corporate defendant. The petition was allowed and in pursuance thereof a notice, and the order of the Clerk, was served on the defendants, requiring them to appear on a certain day and produce the documents for examination. On the day preceding the appearance date the defendants filed with the clerk and served upon the plaintiff notice of appeal to the Superior Court from the order so made.

On the hearing in the Superior Court, Judge Edmundson, without finding any facts, but basing his action, as a matter of law, on *Flanner v. St. Joseph's Home,* 227 N.C. 342, 42 S.E. 2d 225, reversed and set aside the order of the Clerk; and extended the time for filing complaint.

The plaintiff appealed.

*Hines & Boren and Welch Jordan for plaintiff, appellant.*

*Smith, Wharton, Sapp & Moore for defendants, Gilmore Clinic, Inc., Dr. J. Fred Merritt, and Dr. Charles W. Reavis, appellees.*

SEAWELL, J. The case at bar is distinguishable from the cited case when the latter is considered in its own frame of factual setting. The *Flanner case* does not hold that the statute invoked, G.S. 8-89, is not available at all, under any circumstances, in seeking information to enable plaintiff to draft his complaint. To construe it that way would, by redefinition, put the Court in opposition to prior precedent and recognized practice. *Holt v. Warehouse Co.,* 116 N.C. 480, 21 S.E. 919; *Abbitt v. Gregory,* 196 N.C. 9, 144 S.E. 297, (cited in *Fox v. Yarborough,* 225 N.C. 606, 35 S.E. 2d 885). Relief in that case was denied because the declared purpose of the inspection was (1) to discover whether defendant had liability insurance, which would have been an improper allegation in the complaint, and (2) to obtain in advance of an expected plea in defense, evidence that defendant was a commercial rather than an eleemosynary corporation, not necessary to allege. Only in respect to discovery of evidence does the opinion hold that pleadings must first be filed and an issue raised to which the evidence sought must be pertinent.

The court below based its order denying inspection on a matter of law, the inapplicability of the statute invoked, and the judgment is subject to review. On examination of the record we are constrained to hold that the plaintiff is entitled to the inspection of the documents listed, and the judgment to the contrary is reversed. The plaintiff will be given reasonable time to file complaint.

Reversed.