PEARL CULBERTSON, ADMINISTRATRIX, v. MARK ROGERS, O. J. ROGERS, R. B. ROGERS AND RAYMOND ROGERS.

(Filed 28 September, 1955.)

**1. Bill of Discovery § 1a—**

Sec. 2, Chapter 760, Session Laws of 1951, provides that G.S. 1-569, 1-570, 1-571, shall apply to the completion or use of any examination of an adverse party commenced or taken prior to the effective date of the 1951 Act.

**2. Same—**

G.S. 1-569, *et seq.*, provide two separate remedies for the examination of an adverse party: (1) before filing a pleading, to obtain information necessary to draft the pleading, and (2) after the pleadings have been filed, to procure evidence to be used at the trial.

**3. Bill of Discovery § 1b—**

An examination to obtain information necessary to file pleadings may be had only by leave of court, obtained upon applicant's making it to appear under oath that such order is necessary, that the evidence sought to be elicited is material and not otherwise available, and that application is made in good faith.

**4. Bill of Discovery § 6—**

The relevancy and competency of evidence is determined by the issues arising on the pleadings in the case in which the evidence is offered, and therefore evidence obtained upon examination of a defendant, prior to the filing of the complaint, to obtain information necessary to enable plaintiff to draft the complaint, is not admissible in evidence at the trial. The provision of G.S. 1-571, that the examination may be read by either party on

the trial, refers only to an examination to procure evidence for use at the trial. G.S. 1-570. *McGraw v. R. R.*, 209 N.C. 432, expressly overruled to the extent of conflict.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.

APPEAL by defendants Mark Rogers and O. J. Rogers from *Fountain, Special Judge,* June Term, 1955, of BUNCOMBE.

This is a civil action instituted on 13 January, 1948, by the plaintiff, the duly appointed and acting administratrix of the estate of Jeff Rogers, late of Buncombe County, who died on or about 1 November, 1945. Plaintiff was appointed administratrix of said estate on 19 November, 1947.

This action was brought for the purpose of recovering from the defendants the sum of $21,625.00 cash, which the plaintiff alleges the defendants have in their possession, or under their control, belonging to the estate of the said Jeff Rogers, which the plaintiff is entitled to recover as administratrix of said estate for the purpose of administering the same according to law.

According to the record, the plaintiff, on 10 January, 1948, signed an affidavit requesting the Clerk of the Superior Court to enter an order appointing a commissioner before whom she might examine the defendants for the purpose of obtaining information to enable her to file her complaint. Accordingly the order was signed by the Clerk on 13 January, 1948. On the same day the commissioner issued a notice to the defendants to appear at her office in the Jackson Building in Asheville, North Carolina, on the 23rd day of January, 1948, at 10:00 a.m., to be examined by the plaintiff for the purpose of obtaining information to enable her to file a complaint in said action.

The time for filing the complaint was extended until twenty days after the report of the commissioner was filed in the office of the Clerk of the Superior Court of Buncombe County.

On 16 January, 1948, the summons and order extending the time for filing the complaint were served on Mark Rogers, O. J. Rogers, R. B. Rogers and Raymond Rogers by the Sheriff of Buncombe County, together with copies of the affidavit and order and notice of the examination referred to in the above order.

At the time and place fixed in the notice, the defendant R. B. Rogers appeared with his counsel, T. O. Pangle, and was examined. None of the other defendants appeared, but later, on 13 March, 1948, without further notice to the other defendants, Raymond Rogers appeared with counsel and submitted himself to an examination. The commissioner made her report on 7 September, 1948. The plaintiff filed a complaint

and Raymond Rogers filed his answer on 18 September, 1948, and the appealing defendants filed their answer on 26 October, 1948. R. B. Rogers filed no answer.

In the course of the trial below the plaintiff was permitted, over the objection of the appellants, to introduce in evidence on her behalf the examination of Raymond Rogers, taken on 13 March, 1948.

Raymond Rogers died prior to the time of the trial in the court below, and as soon as the plaintiff introduced his examination taken on 13 March, 1948, she took a voluntary nonsuit as to him and each of his children who had been made parties to this action.

From an adverse verdict, the defendants Mark Rogers and O. J. Rogers appeal, assigning error.

*Don C. Young for plaintiff, appellee.*
*Cecil C. Jackson and J. W. Haynes for defendants, appellants.*

DENNY, J. The real question for determination on this appeal is whether or not the court committed error in permitting the plaintiff to introduce in evidence the examination of Raymond Rogers, taken for the purpose of enabling the plaintiff to frame her complaint. The admissibility of this evidence must be determined in light of the provisions of G.S. 1-569, 1-570 and 1-571 which were in effect prior to July 1, 1951, and the decisions of this Court construing the same.

The present statutes governing the examination of witnesses before trial were enacted by the General Assembly, Chapter 760, 1951 Session Laws of North Carolina and have been codified as G.S. 1-568.1 through G.S. 1-568.27. It is provided, however, in section 2 of the 1951 Act that, "G.S. 1-568 through 1-576, inclusive, and all other laws and clauses of laws in conflict with this Act, are hereby repealed, except that they shall remain in force and apply to the completion *or use of any examination commenced or taken prior to the effective date of this* Act." (Emphasis added.)

It is elementary that no evidence is admissible upon the trial of a case which is not relevant and competent. The relevancy and competency of evidence is determined by the issues arising on the pleadings in the case in which the evidence is offered. In fact, the character of the case is determined by the pleadings. Consequently, it is difficult to understand how the defendants could have intelligently interposed objections to the testimony taken before the commissioner before any complaint was filed, had they been present when the examination was taken. Likewise, how could these appellants have cross-examined their codefendant intelligently when no pleadings had been filed and no issues joined?

The statutes under consideration, while not clear and explicit in themselves, have been construed by this Court to provide for two types of examination, to wit: first, to procure information in framing the complaint; and second, to procure evidence for trial.

In the case of *Chesson v. Bank*, 190 N.C. 187, 129 S.E. 403, the plaintiffs made a motion in the cause for an order pursuant to the authority of C.S. 900, *et seq.*, to procure information for the drafting of their complaint. *Stacy, C. J.*, speaking for the Court, said: "According to the decisions, dealing directly with the subject, it has been held that, after the commencement of an action, a preliminary examination of the defendant may be had by the plaintiff, (1) before filing complaint, if it be made to appear that such is necessary to enable the plaintiff to draft his complaint (*Holt v. Warehouse Co.*, 116 N.C. 480); and (2) after pleadings have been filed, the plaintiff may cause the defendant to be examined, to the end that he may procure evidence for the trial. *Vann v. Lawrence*, 111 N.C. 32.

"Likewise, the defendant may have the plaintiff examined (1) before filing answer, if it be made to appear that such is necessary to enable the defendant to draft his answer, especially if an affirmative defense or counterclaim is to be set up; and (2) after pleadings have been filed, the defendant may cause the plaintiff to be examined, to the end that he may procure evidence for the trial. *Jones v. Guano Co.*, 180 N.C. 319."

In *Ogburn v. Sterchi Brothers Stores, Inc.*, 218 N.C. 507, 11 S.E. 2d 460, the defendant assigned as error the refusal of the court to strike out an order for the examination by the plaintiff of its credit manager after the complaint had been filed and before the answer was filed. The Court, in sustaining the assignment of error, said: "The purpose of the statutes, C.S. 900 and 901, allowing an examination of an adverse party, in so far as they relate to the plaintiffs, is twofold: first, to procure information in framing the complaint, and second, to procure evidence for trial. Since the complaint has been filed the order granting the commission to examine the adverse party was not obtained for the first purpose, and since the answer has not been filed it is obvious that the application for the order for the second purpose is premature, since no issues have yet been joined. *Pender v. Mallett*, 123 N.C. 57. 'This proceeding (for examination of adverse party) may be permitted to the plaintiffs to procure information to frame complaint, *Holt v. Warehouse Co.*, 116 N.C. 480; or after answer is filed the plaintiff may cause the defendant to be examined to procure evidence, *Helms v. Green*, 105 N.C. 251; *Vann v. Lawrence*, 111 N.C. 32.' *Jones v. Guano Co.*, 180 N.C. 319." *Fox v. Yarborough*, 225 N.C. 606, 35 S.E. 2d 885.

We held in *Flanner v. Saint Joseph Home*, 227 N.C. 342, 42 S.E. 2d 225, that the plaintiff by motion in the cause was not entitled to an order for the examination of the defendant to ascertain whether the defendant (1) was protected by liability insurance; and (2) was a commercial rather than an eleemosynary corporation. The plaintiff asserted that such information was necessary to enable her to file her complaint. The Court held, however, that the existence of liability insurance was not a fact to be pleaded and that the financial operations of the defendant corporation were not relevant or material to the plaintiff's cause of action. *Barnhill, J.,* now *Chief Justice,* in writing the opinion, said: "G.S. 8-89, provides a method for obtaining inspection of books, papers, and documents 'containing evidence relating to the merits of the action . . .' But procedure thereunder, for the purpose of obtaining evidence, is permissible only after issue joined, and it must be made to appear that the information desired relates to the merits of the controversy in an action pending and at issue. *McGibboney v. Mills,* 35 N.C. 163; *Branson v. Fentress,* 35 N.C. 165; *Sheek v. Sain,* 127 N.C. 266; *Chesson v. Bank,* 190 N.C. 187, 129 S.E. 413; *Ogburn v. Sterchi Brothers Stores, Inc.,* 218 N.C. 507, 11 S.E. 2d 460."

In *Nance v. Gilmore Clinic,* 230 N.C. 534, 53 S.E. 2d 531, the plaintiff, upon proper affidavit, sought an order for the examination of the defendants and the production by them of certain specified papers and documents, as information necessary to the filing of the complaint. The Clerk of the Superior Court granted the requested order from which the defendants appealed to the Superior Court. On the hearing in the Superior Court, the judge interpreted the opinion in *Flanner v. Saint Joseph Home, supra,* to mean that G.S. 8-89 is not available, under any circumstances, in seeking information to enable the plaintiff to draft his complaint. We reversed, and held that "to construe it (the statute) that way would, by redefinition, put the Court in opposition to prior precedent and recognized practice. *Holt v. Warehouse,* 116 N.C. 480, 21 S.E. 919; *Abbitt v. Gregory,* 196 N.C. 9, 144 S.E. 297." Further, with respect to what the *Flanner case* held, we said, "Only in respect to discovery of evidence does the opinion hold that pleadings must first be filed and an issue raised to which the evidence sought must be pertinent."

There is one decision by this Court which holds that the examination of a permissible party to obtain information for the purpose of filing a complaint is likewise admissible as evidence in the trial of the cause. This case is *McGraw v. R. R.,* 209 N.C. 432, 184 S.E. 31. The Court, in considering the admissibility of such an examination as evidence for the plaintiff, merely said: "The defendants say, 'We think that the examination taken by the plaintiff before complaint is filed, may be

used by the plaintiff only as information to enable the plaintiff intelligently to frame a complaint and may not be offered by the plaintiff at the trial of the cause.' We cannot nullify the clear language of the statute, 'and may be read by either party on trial.'" The Court cited no authority except the quoted excerpt from the statute. At the time this case was decided the Court consisted of five members. *Devin, J.,* took no part in the consideration or decision of the case, and *Stacy, C. J.,* dissented.

It does not appear that this Court has held that the right to examine a party-defendant to obtain information for the purpose of filing a complaint, is limited to the authority contained in G.S. 1-569 and G.S. 8-89, or that G.S. 1-570 was limited to the right to examine parties for the purpose of obtaining evidence to be used at the trial. In this connection, however, we think it is significant that the evidence taken in an examination that "may be read by either party on the trial," is expressly limited by G.S. 1-571 to examination "as provided in G.S. 1-570," and that G.S. 1-570 authorizes an examination at any time before the trial "at the option of the party claiming it." This certainly refers to an examination to procure evidence for use at the trial, since an examination to procure information to enable a plaintiff to file complaint or a defendant to file answer, may not be obtained at the option of the party claiming it. An examination to obtain information necessary to file pleadings may be had only after leave of court has been obtained, and such leave will not be given unless it has been made to appear under oath that such an order is necessary; that the evidence sought to be elicited is material and not otherwise available, and that the application is made in good faith. *Bailey v. Matthews,* 156 N.C. 78, 72 S.E. 92; *Monroe v. Holder,* 182 N.C. 79, 108 S.E. 359; *Chesson v. Bank, supra; Washington v. Bus, Inc.,* 219 N.C. 856, 15 S.E. 2d 372.

We are of the opinion that the above quoted excerpt from G.S. 1-571 refers only to evidence obtained in an examination which is to be used at the trial of the cause. We think this is so because it has been clearly established by the decisions of this Court that after a complaint has been filed in an action, no examination by the plaintiff or the defendant, of adverse parties or witnesses, may be had for the purpose of obtaining evidence to be used at the trial, until the answer is filed and the issues joined. *Helms v. Green,* 105 N.C. 251, 11 S.E. 470, 18 Am. St. Rep. 893; *Vann v. Lawrence,* 111 N.C. 32, 15 S.E. 1031; *Pender v. Mallett,* 123 N.C. 57, 31 S.E. 351; *Sheek v. Sain,* 127 N.C. 266, 37 S.E. 334; *Chesson v. Bank, supra; Abbitt v. Gregory,* 196 N.C. 9, 144 S.E. 297; *Swainey v. Tea Co.,* 204 N.C. 713, 169 S.E. 618; *Ogburn v. Sterchi Brothers Stores, Inc., supra; Fox v. Yarborough, supra; Flanner v. Saint Joseph Home, supra; Nance v. Gilmore Clinic, supra.*

In light of our many decisions construing the statutes under consideration, we hold that the examination of Raymond Rogers, obtained for the purpose of enabling the plaintiff to file her complaint, was inadmissible as evidence at the trial of the action. Consequently, so much of *McGraw v. R. R., supra,* as is in conflict with this opinion, is expressly overruled.

The appellants are entitled to a new trial and it is so ordered.

New trial.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.