### HARVEY JONES v. JAMES M. FOWLER.

(Filed 20 April, 1955.)

**Bill of Discovery § 1b—**

　　Where an affidavit for the examination of defendant is in substantial compliance with the requirements of the statute, and the court finds the facts to be as set out in the affidavit, plaintiff is entitled to an order for examination of the defendant as a matter of right, and notice to defendant prior to the entry of such order is not required. G.S. 1-568.10.

BARNHILL, C. J., took no part in the consideration or decision of this case.

APPEAL by defendant from order of *Bickett, Resident Judge,* entered 18 December, 1954, in action pending in WAKE Superior Court.

Action by tenant against landlord for an accounting and amount due thereon for the year 1954.

On 10 December, 1954: summons was issued; application was filed and order entered extending time for filing complaint; and application in the form of an affidavit for examination of defendant under G.S. 1-568.10, addressed to the resident judge, was filed.

On 18 December, 1954, the resident judge, finding the facts to be as set out in plaintiff's affidavit, ordered that defendant appear before a designated commissioner at specified time and place for such examination by plaintiff.

Defendant excepted and appealed, assigning as error (1) the insufficiency of the affidavit upon which the order was based, and (2) the entry of the order without notice to defendant.

*J. C. Keeter and Ellis Nassif for plaintiff, appellee.*
*John F. Matthews for defendant, appellant.*

PER CURIAM. Plaintiff's affidavit is in substantial compliance with the requirements of G.S. 1-568.10 (b), subsections (1) through (6). Upon the finding that the facts were as set out in the affidavit, plaintiff was entitled to the order as a matter of right. G.S. 1-568.10 (c), subsections (1) through (4). In such case, no notice to defendant, prior to the entry of such order, was required. G.S. 1-568.10 (a). Hence, the order of 18 December, 1954, is affirmed.

In view of disposition made, we refrain from considering, *ex mero motu,* whether defendant's appeal was subject to dismissal as an appeal from an interlocutory order.

Affirmed.

BARNHILL, C. J., took no part in the consideration or decision of this case.