CHRISTOPHER J. THOMAS v. TRUSTEES OF CATAWBA COLLEGE AND A. R. KEPPEL.

(Filed 30 June, 1955.)

**Bill of Discovery § 3—**

> A petition for leave to inspect and make copies of certain papers in defendant's possession prior to filing complaint must contain factual averments showing that the papers described in the order are material and necessary to establish plaintiff's cause of action, and an order of inspection upon a petition failing to aver such facts, will be reversed.

APPEAL by defendants from *C. L. Moore, Regular Judge,* holding the courts of the Tenth Judicial District, at Chambers in Durham, 4 November, 1954. From ORANGE.

*Linn & Linn and Bonner D. Sawyer for defendants appellants.*
*Barnie P. Jones and W. R. Dalton, Jr. for plaintiff appellee.*

JOHNSON, J. The plaintiff is a former member of the faculty of Catawba College. He brings this action to recover damages for his

alleged wrongful discharge. The appeal comes here from a hearing below on motion for leave to inspect documents under G.S. 8-89.

The plaintiff obtained an extension of time in which to file complaint and then petitioned the clerk for leave to inspect and make copies of numerous papers and documents in the possession of the defendants. The papers sought to be inspected are described in twenty paragraphs of the petition. The motion was allowed in part and denied in part by the clerk. His order permits inspection of the papers described in the first four paragraphs of the petition, which are: (1) the annual contracts between the plaintiff and Catawba College for three designated years; (2) minutes of a designated meeting of the Board of Trustees of the College, with reports to the meeting; (3) by-laws of the Board of Trustees in force during two designated years; and (4) faculty handbook for the year 1948. From the order of the clerk denying inspection as to the papers described in the other sixteen paragraphs of the petition, the plaintiff appealed to the Superior Court. There an order was entered allowing inspection of the papers described in twelve of the other sixteen paragraphs of the petition. From the order so entered, the defendants appealed to this Court.

The appeal presents no new question or feature requiring extended discussion. The order of the Superior Court granting leave of inspection is not supported by factual allegations showing that the papers described in the order are material and necessary to establish the plaintiff's cause of action. Such materiality and necessity must be shown by positive factual averments, as distinguished from argumentative conclusions of the applicant as in the instant case. The order appealed from will be vacated and set aside on authority of the decisions in *Dunlap v. Guaranty & Accident Co.*, 202 N.C. 651, 163 S.E. 750, and *Patterson v. R.R.*, 219 N.C. 23, 12 S.E. 2d 652.

The order of the clerk, not having been challenged by the defendants, will remain in effect. This allows the plaintiff substantial privilege of inspection.

Reversed.