BRYANT L. CATES, BY HIS NEXT FRIEND, S. J. BORLAND, v. GRIFFITH FINANCE COMPANY AND GRIFFITH AUTOMOBILES OF DURHAM, INC.

(Filed 6 June, 1956.)

1. **Bill of Discovery § 7b—Plaintiff held entitled to inspect only those records which relate to the subject of the particular action.**

 It appeared from plaintiff's verified application for an order to inspect books and records of defendants to obtain information to file complaint that plaintiff had purchased an automobile from one defendant with loan of the deferred payments advanced by the other, that plaintiff was required to purchase insurance on the car and life insurance on himself, and asserted that the amount of premiums charged for the insurance and interest charged on the deferred payments were in violation of the insurance and usury laws, and further that defendants acted in concert pursuant to a conspiracy in such violations. *Held:* Upon the facts alleged plaintiff is entitled to examine the records and the named officers of defendants, but only to the extent of the particular sale in question in regard to the purchase price paid or secured, what insurance was required and what premiums were charged and how paid, and as to the existence of an agreement between defendants with respect to the sale and financing of the deferred payments.

2. **Same—**

 Contentions that the individual defendants would refuse to testify on the ground of self-incrimination cannot be made the basis for an order for inspection of writings, since the constitutional question of self-incrimination does not arise until the individuals themselves assert it, and is not presented upon the application for inspection of writings.

APPEAL by defendants from *Mallard, J.,* February, 1956 Term, DURHAM Superior Court.

On 18 April, 1955, the plaintiff, Bryant L. Cates, by his next friend, S. J. Borland, obtained a summons from the Superior Court of Durham County against the defendants and at the same time filed a verified application for an order to inspect books and records of the defendants and, likewise, to examine the president and vice-president of the defendants for information on which to file the complaint. The application states:

"3. That the purpose for which the action is commenced is to recover actual damages, plus $10,000 punitive damages, resulting from an unlawful, wrongful and malicious combination and conspiracy to receive, reserve or charge a greater rate of interest than six per cent (6%), to evade the insurance laws of North Carolina and to otherwise defraud the plaintiff by willfully and wrongfully misrepresenting facts to the plaintiff in connection with the purchase, sale and loan of purchase price for one 1954 Ford two-door automobile, all to the detriment of the plaintiff."

The plaintiff requested the court to order examination of the defendants and their president and vice-president with respect to the matters listed in eight separate paragraphs, of which No. 6 is typical:

"(6) Earned reserves, commissions, rebates and any and all forms of money or credits moving from Globe & Republic Insurance Company of America and any other life or casualty insurance company to the defendants or to any of its officers, directors or agents by reason of the sale of insurance of said companies to persons financing or borrowing money on automobiles from the defendants by any officer, director, employee or agent of said defendants or any person or corporation acting under a contract with the defendants relating to the financing and sale of automobiles to persons financing or borrowing money on automobiles from the defendants or any person or corporation acting under a contract with the defendants relating to the financing and sale of automobiles, for the period of February 1954 and six months prior and six months subsequent thereto."

The clerk ordered the examination substantially as prayed for. Upon appeal the trial court entered findings of fact and signed an order restricting the scope of the examination. The defendants preserved exceptions to the findings of fact and to the court's order, and appealed, assigning errors.

*Blackwell M. Brogden for plaintiff, appellee.*

*E. C. Brooks, Jr., and Gantt, Gantt & Markham for defendants, appellants.*

HIGGINS, J. After a careful search through the maze of words in the verified application to inspect the records and to examine the officers of the defendants before pleading, the following appears: The plaintiff, Bryant L. Cates, on 4 February, 1954, was a minor without guardian. The defendant, Griffith Automobiles of Durham, Inc., was a dealer in

automobiles. The defendant, Griffith Finance Company, was engaged in financing automobile purchases. George B. Griffith was president and Maurice D. Waddell was vice-president of both defendants. On 4 February, 1954, Cates purchased a 1954 model Ford automobile from Griffith Automobiles of Durham upon a deferred payment plan and Griffith Finance Company financed the transaction.

It appears by inference that defendants, one or both, required insurance on the automobile and life insurance on the purchaser as additional security for the deferred payment; that the amount of premium charged for the insurance and the amount of interest charged on the deferred payments were in violation of the insurance and usury laws.

The application was made under oath. It recites, and the court found as a fact, it was made in good faith and for the purpose of obtaining information upon which to file the complaint as provided in G.S. 1-568.10. In its broad scope the application is a fishing expedition; and if all the authority is granted, the plaintiff would virtually be given license to fish wherever he could find sufficient water to wet a hook. However, that does not mean his application is entirely without merit. The application in its factual statements is sufficient to support a finding that the plaintiff is entitled to inspect the records of the defendants and to examine their two named officers with respect to the following: The sale of the 1954 Ford automobile, the price charged, when and how paid or secured; what insurance was required, in what company issued, the amount thereof and the premiums charged, and how paid; whether life insurance on the purchaser was required and, if so, the amount thereof and in what company; what premiums were charged and how paid; what agreement, if any, existed between the defendants with respect to the sale and financing of the deferred payments; all relating to the plaintiff's purchase of the 1954 model Ford automobile.

The factual showing made in the verified application seems insufficient to justify or to support findings of fact and an order for examination based thereon, which entitled the plaintiff to exceed the maximum limits herein fixed for the examination. *Thomas v. Trustees,* 242 N.C. 504, 87 S.E. 2d 913; *Jones v. Fowler,* 242 N.C. 162, 87 S.E. 2d 1; *Aldridge v. Hasty,* 240 N.C. 353, 82 S.E. 2d 331.

The plaintiff says his cause of action is for conspiracy to violate the usury and insurance laws and its effect is to defraud him. If the individuals sought to be examined should refuse to testify on the ground their evidence would tend to incriminate them, a constitutional question would be presented. On the present record that question does not arise. The individuals can raise that question. The court cannot raise it for them.

The defendants' assignments of error in so far as they relate to the inspection and examination authorized in this opinion are overruled. In all other respects they are sustained. The decree of the Superior Court of Durham County is modified to permit the plaintiff to inspect the records of the defendants and to examine their named officers within the limits heretofore marked out in this opinion, and not otherwise, As thus modified, the decree is affirmed.

.Modified and affirmed.