GRINERS' & SHAW, INC. v. CONTINENTAL CASUALTY COMPANY, SOUTHERN CONTRACTORS, INC., AND ATLANTIC CONTRACTORS, INC.

(Filed 27 September, 1961.)

1. **Appeal and Error § 21—**

An appeal from an order for the examination of the adverse party presents for review the legal sufficiency of the application for examination.

2. **Appeal and Error § 33—**

The application for examination of the adverse party is a necessary part of the record proper on an appeal from an order allowing the application.

3. **Bill of Discovery § 2—**

G.S. 1-568.1 *et seq.*, repealing the former statutes relating to discovery and enacting new provisions in regard thereto, requires that plaintiff's

application for an examination of the adverse party to obtain evidence necessary to draw the complaint must contain factual averments disclosing that an action had been commenced, and that the information sought, designated with reasonable particularity, was not otherwise available to plaintiff and was necessary to enable plaintiff to draw the complaint.

**4. Same—**

An application for the examination of the adverse party to obtain information necessary to enable plaintiff to draw the complaint will lie solely in respect to those matters which relate to the action instituted by plaintiff.

**5. Same—    Application held insufficient to support order for examination of adverse party.**

Where it appears from an application for examination of the adverse party to obtain information necessary to draw the complaint that plaintiff's claim is for labor and material furnished in a construction project, that plaintiff has sufficient information to draw a complaint against the contractor and the surety on the contractor's bond, but seeks to discover other contractual agreements and bonds made by the surety with any other defendants whereby the plaintiff would be able to allege a cause of action against the surety other than upon the surety bond, *held* the application is insufficient to support an order for the examination of the surety, since the relief sought is not for the purpose of enabling plaintiff to draw the complaint in respect to the cause of action instituted, but is for authority for a "fishing expedition" to discover grounds for an action other than the one instituted.

APPEAL by defendant Continental Casualty Company from an order of *Morris, J.,* entered at 27 March 1961 Regular Civil Term of ONSLOW.

Action by plaintiff "to collect money due the plaintiff in the sum of $5,090.05 for labor and materials, plus interest."

On 27 February 1961 plaintiff filed with the clerk of the superior court of Onslow County an application for an extension of time to file a complaint. On 2 March 1961 the clerk entered an order allowing the application.

On 2 March 1961 counsel for plaintiff, under the provisions of G.S. 1-568.10, applied to the clerk for an order for the examination of Edwin H. Forkel, president, Boyn N. Everett, vice-president and treasurer, Willard N. Boyden, vice-president and secretary, J. E. Postula, W. C. Crow and James G. Roberts, all officers or employees of the defendant Continental Casualty Company, who work in the company's home or principal office at 301 South Michigan Avenue, Chicago, Illinois. The application shows: One. This action was commenced on 2 March 1961 "for the purpose of collecting money due the plaintiff in the sum of $5,090.05 for labor and materials, plus interest." Two. In order for plaintiff to prepare its complaint it is necessary for it to

secure information from the officers and employees of Continental Casualty Company above named as to the following:

"(a) Corporate internal organization of the defendant, Continental Casualty Company, and the authority given by its stockholders, Board of Directors and officers to persons and corporations acting for and in its behalf;

"(b) Contracts, agreements and bonds made by or between Continental Casualty Company and any other defendant herein;

"(c) Employees and agents of Continental Casualty Company and their duties and responsibilities as to claims, demands and obligations of Continental Casualty Company arising, connected with, or growing out of, in any way, the construction of housing for First Camp Lejeune Quarters, Inc., Second Camp Lejeune Quarters, Inc., Third Camp Lejeune Quarters, Inc., Fourth Camp Lejeune Quarters, Inc., and Fifth Camp Lejeune Quarters, Inc., and Sixth Camp Lejeune Quarters, Inc., at Camp Lejeune, North Carolina;

"(d) Arrangements, contracts and bonds between Continental Casualty Company and Atlantic Contractors, Inc., notices received by Continental Casualty Company as to claims presented to it by virtue of nonpayment of sums due under any bond or bonds executed by Continental Casualty Company dated on or about March 30, 1959 wherein Atlantic Contractors, Inc., is principal and First Camp Lejeune Quarters, Inc., Second Camp Lejeune Quarters, Inc., Third Camp Lejeune Quarters, Inc., Fourth Camp Lejeune Quarters, Inc., Fifth Camp Lejeune Quarters, Inc., and Sixth Camp Lejeune Quarters, Inc., are referred to as 'Mortgagor-Builder' and the National Commercial Bank and Trust Company of Albany is referred to as 'Lender'; and,

"(e) As to the knowledge of Continental Casualty Company as to the corporate relationship of Atlantic Contractors, Inc., and Southern Contractors, Inc., as well as any contract, agreement or bond between Continental Casualty Company and Southern Contractors, Inc., or any other person, firm, corporation or association concerning said Camp Lejeune, North Carolina, construction."

Three. The information sought is not available to plaintiff, but is within the knowledge and control of the officers and employees of Continental Casualty Company named in the application and of the company. Four. The application is made in good faith.

On 2 March 1961 the clerk entered an order granting the application in full, and ordering a copy of the order to be served upon the Continental Casualty Company, and its officers and employees named in the application.

Counsel stipulated that summons was duly issued on 2 March 1961,

and the summons, a copy of the application and order for extension of time to file complaint, and a copy of the order of examination were served on Continental Casualty Company and its officers and employees above named on 6 March 1961.

On 14 March 1961 Continental Casualty Company made a motion before the clerk to vacate the order of examination. On 16 March 1961 the clerk denied the motion to vacate the order of examination, and approved such order in all particulars. Continental Casualty Company excepted and appealed to the judge.

Judge Morris heard the appeal, and entered an order finding that subsections (c) and (d) of the order for examination are too broad and should be stricken, and that subsections (a), (b) and (e) are not too broad and should not be stricken. Whereupon, he ordered that subsections (c) and (d) of the order of examination should be stricken, and, except as so modified, the order of examination is affirmed in all respects.

Defendant Continental Casualty Company excepted to the judge's findings and to the order and appeals.

*Ellis, Godwin & Hooper By: Glenn L. Hooper, Jr., for plaintiff, appellee.*

*E. K. Powe and W. Travis Porter for Continental Casualty Company, defendant, appellant.*

PARKER, J. Defendant Continental Casualty Company assigns as errors Judge Morris' findings, or more properly conclusions, even though his striking out subsections (c) and (d) of the order for examination was in its favor, and his order. Both assignments of error are supported by exceptions.

Defendant's exception to Judge Morris' order raises the question whether any error of law appears on the face of the record. This includes the legal sufficiency of the application for examination to support the order of examination, *Webb v. Gaskins, ante,* 281, ...... S.E. 2d ......, where many authorities are cited, because the application for examination is a necessary part of the record proper. *Thrush v. Thrush,* 245 N.C. 63, 94 S.E. 2d 897; Strong's N. C. Index, Vol. I, Appeal and Error, § 33, where many cases are cited.

G.S. 1-568.3 provides: "An examination may be had before trial pursuant to the provisions of this article — (1) For the purpose of obtaining information necessary to prepare a pleading. . . . ."

G.S. 1-568.9(a) reads: "Before the examining party has filed his complaint, petition or answer, he may procure an examination pursuant to this article only upon showing by affidavit, as provided by G.S.

1-568.10, that the examination is necessary to enable him properly to prepare his complaint, petition or answer."

G.S. 1-568.10(b) provides: "The application must be in the form of, or supported by, an affidavit, showing: (1) That the action has been commenced and the purpose thereof; (2) That, in order to prepare his complaint, petition or answer, it is necessary for the applicant to secure information from the person proposed to be examined about certain matters, which matters must be designated with reasonable particularity; (3) That the information sought is not otherwise available to the applicant, together with a statement of the reasons therefor."

The Act 1951 Session Laws of North Carolina, Chapter 760, relating to the examination of parties and certain other persons before trial, now codified as G.S. 1-568.1 through 1-568.27, repealed the former statutes (G.S. 1-568 through 1-576) concerning the examination of parties before trial. *Tillis v. Cotton Mills,* 238 N.C. 124, 76 S.E. 2d 376.

The application for an order of examination states that plaintiff's action is "for the purpose of collecting money due the plaintiff in the sum of $5,090.05 for labor and materials, plus interest." Certainly, plaintiff knows to whom it furnished labor and materials, and who is indebted to it for them. The application and record proper furnish no definite answer as to whom plaintiff furnished labor and materials, though it seems from the application and record proper that plaintiff furnished labor and materials in the sum of $5,090.05 to either Southern Contractors, Inc., or Atlantic Contractors, Inc., both defendants, and that Atlantic Contractors, Inc., constructed certain housing at Camp Lejeune, and Continental Casualty Company executed a bond or bonds on or about 30 March 1959 wherein Atlantic Contractors, Inc., is principal. There is nothing in the application or record proper to·show that Continental Casualty Company executed any bond with Southern Contractors, Inc., as principal.

Plaintiff states in its brief: "The plaintiff certainly admits that it is in a position to file a complaint against the appellant, Continental Casualty Company, upon the basis of a certain payment bond and this was admitted to the trial court. However, this does not preclude the existence of other 'contracts, agreements and bonds made by and between Continental Casualty Company and any other defendant herein,' whereby the plaintiff would be able to allege a cause of action other than upon the above referred to bond."

It seems apparent that plaintiff has available to it sufficient essential and material facts to draft its complaint for money due for labor and material furnished in the sum of $5,090.05 against the corporation to whom it furnished it, and whom it surely knows, and for a cause

of action on the bond or bonds dated on or about 30 March 1959 executed by Continental Casualty Company, wherein Atlantic Contractors, Inc., is principal, and we are fortified in our opinion by the statement in plaintiff's brief quoted above. It also seems apparent from the application that plaintiff has not designated with reasonable particularity any matters about which it seeks to examine Continental Casualty Company and its designated officers and employees, which are material and necessary to draft its complaint in the instant action "for the purpose of collecting money due the plaintiff in the sum of $5,-090.05 for labor and material," and on the bond or bonds of Continental Casualty Company, and plaintiff admits this in its brief. To paraphrase language used in *Cates v. Finance Co.*, 244 N.C. 277, 93 S.E. 2d 145, plaintiff's application for examination is a fishing expedition, and it seeks judicial license to cast its line into the records and business of the Continental Casualty Company, and thereby to land some other cause of action than the action it has instituted. Such a ransacking expedition seeking a new cause of action is not within the intent and purpose of the 1951 Act permitting an examination before trial for the purpose of obtaining information necessary to prepare a complaint in the action instituted. Plaintiff is entitled to an order of examination only in respect to those matters which relate to the action it has instituted. *Cates v. Finance Co., supra.*

The factual averments in plaintiff's application for an order of examination are fatally insufficient to support Judge Morris' order.

The factual averments in the application for examination of defendant to obtain information to file a complaint in *Jones v. Fowler*, 242 N.C. 162, 87 S.E. 2d 1, the record of which is on file in the office of the clerk of this Court, were decided by this Court to be sufficient. This was an action by a tenant against a landlord for an accounting for the year 1954. The application states in substance that an examination of defendant is necessary for plaintiff properly to prepare his complaint, because defendant has all the records in respect to their farming operations during 1954, such as advancements made to plaintiff, insurance issued on the crops, amount of insurance collected, and the amount for which the 1954 crops sold. The *Jones* case is easily distinguishable from the instant case.

The order of Judge Morris below for an examination is

Reversed.