HAROLD WAYNE BROWN, ADMINISTRATOR OF THE ESTATE OF JEFFREY HAROLD BROWN, DECEASED, v. RANDOLPH HOSPITAL, INC., DR. CHARLES W. STOUT, WANDA R. BUNTING, HELEN BUNCH, ELAINE CAUDLE, LINDA RICHARDSON, MACIE PRILLMAN, KATE HAMMILL, NURSE VAN HOY AND DR. GEORGE JOHNSTON.

(Filed 20 January, 1967.)

**Bill of Discovery § 1—**

> Where the application for the adverse examination of defendants in an action to recover for negligence in the treatment of a hospital patient is too sweeping in not confining the request to the examination of defendants in regard to their diagnosis, treatment and procedures in the care of the particular patient and the hospital records relating thereto, the order for the examination is properly vacated, but plaintiff is properly given an opportunity to file an amended petition for an examination of the defendants within proper limits. G.S. 1-568.9, G.S. 1-568.10.

APPEAL by plaintiff from *Brock, S.J.,* September 19, 1966 Session, RANDOLPH Superior Court.

The plaintiff instituted this civil action by summons dated July 16, 1965. He filed a petition for an order to examine the defendants for information upon which to file his complaint. The application stated the purpose of the action is to recover damages for the wrongful death of Jeffrey Harold Brown (age 4½ years) who was admitted to the defendant Hospital for the removal of his tonsils and adenoids on January 28, 1965, and died in the hospital the following day. The individual defendants are employees of the hospital.

The Clerk issued an *ex parte* order for the examination and appointed a commissioner to conduct it at the Courthouse in Asheboro where the hospital is located and where the individual defendants reside. The Sheriff served the order on all parties sought to be examined.

After service of the order all defendants appeared before the Clerk and moved that the order for the examination be vacated as being entirely too broad in scope, alleging the plaintiff already had first-hand information not only of what took place, but had been given copies of the hospital records. The Clerk, after hearing, va-

cated the order for the examination and allowed the plaintiff 20 days in which to file his complaint. He appealed to the Superior Court. After hearing, Judge Brock entered this order:

"Now, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the order entered in this cause by the Clerk of Superior Court on the 11th day of October, 1965, shall be and the same is hereby affirmed; and it is further ORDERED that this cause shall be remanded to the Clerk of Superior Court and the plaintiff shall have twenty days from and after the entry of this order, if he be so advised, to file an amended application for an order for the adverse examination of the defendants."

The plaintiff excepted to the order entered by Judge Brock and appealed to this Court.

*Eugene H. Phillips for plaintiff appellant.*
*Jordan, Wright, Henson & Nichols by Perry C. Henson for defendant appellees.*

HIGGINS, J. The Clerk's first order *(ex parte)* authorized the plaintiff to examine the individual defendants and two others with respect to the matters set forth in the rather long and detailed petition. After hearing, on the defendants' motion the Clerk entered a second order vacating, *in toto*, the order for examination. On appeal, Judge Brock sustained the Clerk's second order but remanded the cause to the Clerk with leave granted to the plaintiff "to file an amended application," if so advised. The plaintiff elected to appeal rather than to amend his application.

Implicit in Judge Brock's order is his view that the plaintiff is entitled to examine the defendants, but not to the sweeping extent requested in the petition, and allowed by the Clerk's first order. These examples show the scope of the examination requested:

"(e) As to the whereabouts and activities of each of the defendants from 11 o'clock a.m. January 29, 1965, until 3:40 o'clock that afternoon."

"(f) As to the procedures, customs, practices, devices, methods or standards that any of the defendants either recognize, follow or use in examining, caring for, operating on, treating or observing patients that have difficulty with their tonsils and adenoids and are operated on for their removal and in recording the various developments that occur or conditions that exist in such cases, . . ."

We concur with Judge Brock that the plaintiff should have opportunity to file an amended petition and obtain such information as is contemplated by G.S. 1-568.9 and G.S. 1-568.10.

The plaintiff is entitled to examine the doctors, nurses, and employees of the hospital who were present or participated in the diagnosis, treatment, operative, and post-operative procedures employed in the care and treatment of Jeffrey Harold Brown from the time he entered the hospital, and their relation to the cause of his death. The plaintiff is entitled to examine the records kept by the hospital relating thereto.

Because of the type of examination requested, we concur with the Clerk and Judge Brock that the first order should be set aside. The Clerk made no provision for an amended petition. Judge Brock's order does make provision for the filing of a proper amended application before the Clerk. In the event the plaintiff, by proper amended petition, obtains another order for the examination, the Clerk will grant him an extension of time for filing the complaint. The statutory procedures above referred to, as well as the following cases, support the position the Court now takes: *Griners' & Shaw, Inc., v. Casualty Co.*, 255 N.C. 380, 121 S.E. 2d 572; *Cates v. Finance Co.*, 244 N.C. 277, 93 S.E. 2d 145; *Nance v. Gilmore Clinic*, 230 N.C. 534, 53 S.E. 2d 531.

The order from which the plaintiff appeals provides a method (amended petition) by which the plaintiff may obtain all the information necessary to prepare his complaint. The order entered by Judge Brock is

Affirmed.