HAROLD A. KOHLER v. J. A. JONES CONSTRUCTION COMPANY, A
CORPORATION.

(Filed 24 July, 1967.)

**1. Bill of Discovery § 2—**

Plaintiff may examine officers of defendant corporation prior to the
filing of complaint only upon affidavit alleging facts with reasonable par-
ticularity disclosing that such examination is necessary to enable plaintiff
to prepare properly his complaint and describing with reasonable particu-
larity the information sought to be discovered, G.S. 1-568.1, G.S. 1-568.9,
G.S. 1-568.10(b)(2), and the order for examination must be restricted to
matters necessary to enable plaintiff to file his pleading.

**2. Same—**

If the order for examination of officers of the adverse party is too ex-
tensive, such order will be modified on appeal so as to restrict it to the
examination contemplated by the statute.

**3. Same— Order for examination of adverse party modified in this case
to exclude matter not necessary to enable plaintiff to file complaint.**

In this action by plaintiff to recover compensation under a contract of
employment, plaintiff applied for examination of the officers of defendant
corporation concerning work done under a project, plaintiff claiming that
under his contract of employment he was entitled, in addition to a stipu-
lated salary, to a percentage of receipts from the project upon which plain-
tiff worked. *Held:* Plaintiff was entitled to examine the officers of de-
fendant in regard to monies or properties received by defendant upon
which plaintiff claims the stipulated percentage in order that plaintiff
may compute the amount of damages, but plaintiff was not entitled to
examine such officers in regard to services actually rendered by plaintiff
or the compensation actually received by plaintiff for such services, or the
extent of plaintiff's authority.

APPEAL by defendant from *Riddle, S.J.,* at the 8 August 1966
Schedule "D" Session of MECKLENBURG.

Summons having been issued, the plaintiff applied to the Clerk
for an order for the adverse examination of the Chairman of the
Board of Directors, the President and the Treasurer of the defendant
corporation for the purpose of obtaining information necessary to
enable him to prepare and file his complaint. The Clerk entered the
order, substantially as sought, and upon appeal this was affirmed by
the judge. From the order so affirming the action of the Clerk, this
appeal is taken.

The affidavit states that the action has been brought "for the
purpose of recovering damages in a sum of not less than $675,702,
arising out of the defendant's breach of an express contract," a copy
of which is attached to the affidavit.

The alleged contract provides:

"In consideration of the services which you are to render as a consultant to the J. A. Jones Company on the Derbendi Kahn Dam Project, Iraq, you are to receive $2,000.00 per month for twelve (12) months' services. * * *

"In addition to the consultant fee of $2,000.00 per month for 12 months, you will be entitled to 5% of *all cash monies* recovered on the Derbendi Kahn Project.

"This does not include any consideration for you for the return of our bank guarantees and removal of liquidated damages. However, should we lose our bank guarantees and/or monies due to liquidated damages, such net cash losses will be deducted before determining per cent of participation. * * *" (Emphasis added.)

The application and affidavit state that the information sought by the plaintiff is not otherwise available to him, he being no longer an officer of the defendant corporation, but the defendant has refused to pay the plaintiff's demand for compensation for services rendered by him under the above contract and that the information sought by the proposed examinations is as follows:

"4. * * * (a) the total dollar amount and nature of *all claims* by the defendant against the Government of Iraq, pertaining solely to defendant's construction of the Derbendi Kahn Dam Project, on June 4, 1964, the date of plaintiff's initial employment as a consultant to the defendant for an agreed commission based on the amount of defendant's recovery on the said Derbendi Kahn Dam Project; (b) the total dollar amount and nature *of all claims* by the defendant against the Government of Iraq, pertaining solely to defendant's construction of the Derbendi Kahn Dam Project October 6, 1964, the date of modification of plaintiff's initial employment contract as a consultant to the defendant for an agreed commission based on the amount of defendant's recovery against the Government of Iraq on the Derbendi Kahn Dam Project; (c) *all statements and representations* made by defendant's said Board Chairman, Edwin L. Jones, Sr., to officials of the U. S. Government, the Iraq Government and the Egyptian Government, and to persons other than the plaintiff, *pertaining to the scope of plaintiff's agency* for the defendant as consultant under the said contract between the plaintiff and defendant, as modified October 6, 1964, a copy being hereto attached as Exhibit 'A,' pertaining solely to the scope of plaintiff's agency in recovering claims against the Government of Iraq arising out of the Derbendi Kahn Dam Project; (d) *all statements and representations* made by defend-

ant's said President, Edwin L. Jones, Jr., to officials of the U. S. Government, the Iraq Government and the Egyptian Government, and to persons other than the plaintiff, *pertaining to the scope of plaintiff's agency* for the defendant as consultant under the said contract between the plaintiff and defendant, as modified October 6, 1964, a copy being hereto attached as Exhibit 'A,' pertaining solely to the scope of plaintiff's agency in recovering claims against the Government of Iraq arising out of the Derbendi Kahn Dam Project; (e) the total amount of all moneys *recovered by the defendant upon settlement of the 'Big Bend' claims,* procured at the instance of the plaintiff and defendant's General Counsel, acting jointly pursuant to authority of the defendant; (f) the total amount of *all moneys* awarded the defendant, and *recovered by the defendant, in settlement of its various claims* against the Government of Iraq, *pertaining solely to the Derbendi Kahn Dam Project,* beginning June 4, 1964, the date of plaintiff's initial employment as a consultant for the defendant, and continuing through the date of examination, inclusive; (g) the total amount of *all moneys* awarded the defendant, and *recovered* by the defendant, *in settlement of its various claims* against the Government of Iraq *pertaining solely to the Derbendi Kahn Dam Project,* beginning October 6, 1964, and continuing through the date of examination, inclusive; (h) the total value of *all properties recovered* by the defendant from the Government of Iraq, *pertaining solely to the Derbendi Kahn Dam Project,* beginning June 4, 1964, and continuing through the date of examination, inclusive; (i) the total value of *all properties recovered by the defendant* from the Government of Iraq, *pertaining solely to the Derbendi Kahn Dam Project,* beginning October 6, 1964, and continuing through the date of examination, inclusive; (j) the total value of *all bank credits released* by the Government of Iraq to the defendant, pertaining to the Derbendi Kahn Dam Project, beginning June 4, 1964, and continuing through the date of examination, inclusive; (k) the total value of *all bank credits released* by the Government of Iraq to the defendant, pertaining to the Derbendi Kahn Dam Project, beginning October 6, 1964, and continuing through the date of examination, inclusive; (1) *all correspondence* between defendant's said Board Chairman, President, Treasurer, other officials and defendant's Field Representatives in Bagdad, Iraq, *pertaining to settlement of defendant's various claims* against the Government of Iraq under the Derbendi Kahn Dam Project, and the authority delegated by the defendant to the plaintiff in negotiating said settlement, beginning June 4, 1964, and contin-

uing through the date of examination, inclusive; (m) the *location and contents of defendant's records* of account and deposit invoices pertaining to moneys, properties and bank guarantees recovered by the defendant from the Government of Iraq under the Derbendi Kahn Dam Project, beginning June 4, 1964, and continuing through the date of examination, inclusive, which records are not available to the plaintiff; (n) *the location and contents of all correspondence, judicial and administrative orders* available to the defendant, pertaining to approval of claims by the defendant against the Government of Iraq, under the Derbendi Kahn Dam Project, which correspondence and judicial and administrative orders are not available to the plaintiff; and (o) *all other matters* directly *relevant to defendant's recovery of its various claims* against the Government of Iraq under the Derbendi Kahn Dam Project, beginning June 4, 1964, and continuing through the date of examination, inclusive, and within the special knowledge of the defendant, its said Board Chairman and officers, not otherwise available to the plaintiff." (Emphasis added.)

The order of the Clerk, affirmed by the judge, found the facts set forth in the application to be true, appointed a commissioner to conduct the examination, and directed the said officers of the defendant to appear at a specified time and place for the purpose of being examined by the plaintiff concerning all matters specified in the above quotation from the application, except paragraphs (e) and (o), the Clerk finding that paragraphs (e) and (o) did not "designate with reasonable particularity matters about which the examination is sought," and so did not conform to the requirements of G.S. 1-568.10(b)(2). The defendant excepted to the entire order of the Clerk and to each part thereof, other than the portions denying the right of examination as to certain matters, and now assigns as error the overruling of each such expection by the judge.

*Warren C. Stack and James L. Cole for defendant appellant.*
*Harkey, Faggart, Coira & Fletcher for plaintiff appellee.*

LAKE, J. The procedure prescribed in G.S. 1-568.1 through G.S. 1-568.27 is the only procedure by which a plaintiff can compel the officers of a defendant corporation to submit to his adverse examination of them prior to the trial of the action. G.S. 1-568.8. The plaintiff may procure an order for such examination of the officers of his corporate adversary, prior to the filing of his complaint, only by showing "that the examination is necessary to enable him prop-

erly to prepare his complaint." G.S. 1-568.9. In such affidavit the plaintiff must show "that, in order to prepare his complaint * * * it is necessary * * * to secure information from the person proposed to be examined about certain matters, which matters must be designated with reasonable particularity." G.S. 1-568.10(b)(2).

The statute does not contemplate that compulsory examination of his adversary by one who has not filed a complaint is to be lightly allowed. This Court has said many times that the statute does not contemplate the issuance of a general permit for the plaintiff to embark upon an unrestricted "fishing expedition" through the records and recollections of his adversary. *Griners' & Shaw, Inc., v. Casualty Co.*, 255 N.C. 380, 121 S.E. 2d 572; *Cates v. Finance Co.*, 244 N.C. 277, 93 S.E. 2d 145. See also McIntosh, N. C. Practice and Procedure, 2d ed, § 2285, supp. The statute plainly requires that the affidavit must not only describe, with reasonable particularity, the "fish" to be pursued, but must also show that its capture is necessary for the proper preparation of the complaint and that it may not otherwise be brought into the possession of the plaintiff.

Under the former statute, which in this respect was not materially different from the present, this Court held that it was not sufficient for the affidavit to assert that the desired information is necessary to enable the applicant to prepare his pleading properly, it being required that the affidavit state facts upon which such claim of necessity is based. *Washington v. Bus, Inc.*, 219 N.C. 856, 15 S.E. 2d 372; *Gudger v. Robinson Brothers Contractors*, 219 N.C. 251, 13 S.E. 2d 414; *Bell v. Bank*, 196 N.C. 233, 145 S.E. 241. Where the order grants a more extensive "fishing license" than the statute permits, this Court will modify the order so as to restrict it to the examination contemplated by the statute. See *Cates v. Finance Co., supra.*

In the present case, it appears from the plaintiff's application and affidavit that the action is brought to recover damages for an alleged breach of a written contract of employment. It further appears that the alleged breach consists in the refusal of the defendant to pay the compensation demanded by the plaintiff under the contract for the services rendered by him pursuant thereto. Obviously, the plaintiff does not need to examine officers of the defendant in order for the plaintiff to know what services were required of him by the contract, what services were rendered by him or what compensation was paid him for such services. The contract provides for the payment to the plaintiff of a fixed amount, plus "5% of all cash monies recovered on the Derbendi Kahn Dam Project." The only information which the plaintiff could possibly need, in addition to that which he already has, in order properly to prepare his com-

plaint, is the amount of "cash monies recovered" by the defendant on the specified project, the exact amount apparently being unknown to the plaintiff.

By the express provision of the contract, the term "cash monies recovered" does not include the release or return to the defendant of its bank guarantees or the "removal of liquidated damages." If the defendant did not recover all of such bank guarantees or it was subjected to some loss by way of "liquidated damages," these would be deductions from, that is, partial defenses against, the claim of the plaintiff. In order for the plaintiff to be able properly to prepare his complaint, it is not necessary that he know the credits which the defendant may possibly assert against his claim.

The information specified in paragraphs (f) and (g) of the affidavit is "the total amount of all moneys * * * recovered by the defendant, in settlement of its various claims against the Government of Iraq, pertaining solely to the Derbendi Kahn Dam Project." Without this information, the plaintiff could not compute the compensation he was entitled to receive under the alleged contract. Upon the facts stated in the affidavit, he is entitled to seek this necessary information from the officers of the defendant prior to the filing of his complaint.

It appears from the affidavit of the plaintiff that he contends that under the alleged contract his compensation is to be computed by including within the terms "cash monies recovered" properties, other than money, recovered by the defendants from the Government of Iraq by reason of the Derbendi Kahn Dam Project. The amount of such properties, other than money, so recovered by the defendant is the information specified in paragraphs (h) and (i) of the affidavit. Without indicating any opinion as to the correctness of the plaintiff's construction of the contract in this respect, we are of the opinion that the plaintiff is entitled to obtain this information, by the proposed adverse examination of the officers of the defendant, so that he may compute the amount of compensation which he contends he is entitled to recover under the contract.

It is not shown in the affidavit that the plaintiff, in order to prepare his complaint in this action, requires the information set forth in paragraphs (a) to (d), inclusive, or in paragraphs (j) to (n) of the affidavit. The right, if any, of the plaintiff to examine the officers of the defendant with reference to any or all of these matters after both parties have filed their pleadings, pursuant to G.S. 1-568.9 (c), is not before us and we express no opinion with reference thereto.

The order of the superior court is modified to permit the plaintiff to examine the specified officers of the defendant with reference to the matters set forth in subparagraphs (f) to (i), inclusive, of

paragraph 4 of the plaintiff's affidavit filed 18 April 1966, and not otherwise. As thus modified, the order of the superior court is affirmed.

Modified and affirmed.