HUGH R. BROWN, PLAINTIFF, v. A. H. ALEXANDER AND HELEN W. ALEXANDER, AND SOUTHERN EXPRESS, INC., A CORPORATION, DEFENDANTS.

(Filed 17 April 1968)

1. **Appeal and Error § 26—**

An assignment of error to the signing and entry of an order by the court requiring defendants to be adversely examined presents for review the legal sufficiency of the application for examination.

2. **Bill of Discovery § 2—**

In an action by plaintiff to secure the specific performance of a contract to deliver corporate stock, an order allowing the examination of the records of the corporate defendant and further allowing an inquiry into the conduct and negotiations of the corporate defendant by which it may have alienated or encumbered the stock to another corporation *is held* not authorized under plaintiff's application for the examination of individual stockholders whose connection with the corporation is not disclosed.

3. **Same—**

The statute allowing the examination of an adverse party, G.S. 1-568.10, does not contemplate an unrestricted "fishing expedition" through the record and recollections of the adversary.

APPEAL by defendants from *Beal, S.J.,* 1 January 1968, Schedule D, Session, MECKLENBURG Superior Court.

Plaintiff instituted this civil action in Mecklenburg County Superior Court on 31 March 1967, by issuance of summons to the defendants with an order from the Clerk extending time for filing complaint. At the time of issuance of summons the plaintiff filed an AFFIDAVIT AND APPLICATION FOR ADVERSE EXAMINATION OF DEFENDANTS ALEXANDER BEFORE FILING COMPLAINT.

In his application for adverse examination of the individual defendants, the plaintiff states the nature of this action to be for specific performance of a contract to deliver certain shares of stock of the corporate defendant, or in the alternative to recover damages. Paragraph 5 of the affidavit sets out the information which plaintiff

seeks to secure by the adverse examination of the individual defendants as follows:

"5. That before he can prepare his complaint it is necessary for the applicant to secure information from the defendants Alexander about certain matters known to the defendants Alexander but not to the plaintiff; that said information includes the minute and other book entries in the corporate records of the defendant Southern Express, Inc., which the plaintiff is informed and believes have been removed from Mecklenburg County, North Carolina, and the names of all stockholders and directors in the period from 1963, to date; the ownership from time to time of the shares of stock in said corporation; the details of the rumored arrangement under which the defendants may have sold out to another motor carrier known as Watkins-Carolina Express, Inc., or Watkins Motor Lines, thereby threatening their capacity to respond by delivery of the stock and possibly leaving plaintiff entitled only to money damages for its non-delivery; the nature of any agreement or contract or transaction, executed or unexecuted, by which the defendants may have alienated or encumbered their stock in Southern Express, Inc.; the price or terms of said sale; to whom it was sold or to be sold and upon what terms; whether the sale has been approved by the Interstate Commerce Commission or other governmental regulatory agencies; the consideration received or to be received by the defendants; and all and sundry details of all activities and transactions of the defendants with regard to the Southern Express, Inc., stocks since 1964, to date, and the explanation, if any, as to why the defendants have fired the plaintiff from his employment with Southern Express, Inc., without fault or default on his part, and failed and refused to deliver to him the stock which was often promised but never delivered and which the plaintiff believes and avers is of great monetary value."

On 31 March 1967, the Assistant Clerk of Superior Court of Mecklenburg County entered an order requiring the individual defendants to appear before a named commissioner on 13 April 1967, and submit to examination in regard to the matters set out in the affidavit. On 7 April 1967, the defendants filed with the Clerk of Superior Court a MOTION TO VACATE ORDER FOR ADVERSE EXAMINATION, and the Clerk set a hearing on the motion for 21 April 1967.

After the hearing on 21 April 1967, the Clerk of Superior Court entered an order requiring the individual defendants to appear on

**25** May 1967 before a named commissioner to be examined in regard to the matters enumerated in the order. The defendants excepted, and appealed to a Judge of Superior Court.

Thereafter the matter was heard by Judge Beal, who entered an order requiring the individual defendants to appear before a commissioner to be adversely examined. The pertinent portion of Judge Beal's order is as follows:

"It Is Therefore Ordered that the defendants A. H. Alexander and Helen W. Alexander appear before Mrs. Rebecca D. Moore, Commissioner, at the office of Mr. Frank W. Orr, Attorney, in the Johnston Building, Charlotte, North Carolina, on the 2nd day of February, 1968, at 10:00 A.M., and submit themselves to adverse examination in regard to the following matters and things:

"1.   All minutes of the corporation which describe or bear upon any employment agreement between any of the defendants and the plaintiff, any share of stock authorized to be issued to the plaintiff, and any transactions of the corporation with respect to said stock;

"2.   The details of the rumored arrangements under which the defendants may have sold out to another motor carrier known as Watkins-Carolina Express, Inc. or Watkins Motor Lines, thereby threatening their capacity to respond by delivery of the stock and possibly leaving plaintiff entitled only to money damages for its non-delivery;

"3.   The nature of any agreement or contract or transaction, executed or unexecuted, by which the defendants may have alienated or encumbered their stock in Southern Express, Inc.;

"4.   The price or terms of said sale;

"5.   To whom it was sold or to be sold and upon what terms;

"6.   Whether the sale has been approved by the Interstate Commerce Commission or other governmental regulatory agencies;

"7.   The consideration received or to be received by the defendants."

The defendants appealed.

*Craighill, Randleman and Clarkson by Francis O. Clarkson, Jr., attorneys for defendant appellants.*

*Frank W. Orr, and Helms, Mulliss, McMillan and Johnston by R. Malloy McKeithen, attorneys for plaintiff appellee.*

BROCK, J.  The defendants assign as error the signing and entry of the order by Judge Beal. This presents for review the legal sufficiency of the application for examination to support the order of examination. *Webb v. Gaskins*, 255 N.C. 281, 121 S.E. 2d 564.

The plaintiff by his affidavit in support of his application for examination, by the agreed statement of case on appeal, and by the statement of facts in his brief, asserts that this action was instituted for the purpose of securing *specific performance of a contract to deliver stock* of the corporate defendant; or, in the alternative, to *recover damages* for breach of the contract.

The plaintiff's AFFIDAVITS AND APPLICATION FOR ADVERSE EXAMINATION OF DEFENDANTS ALEXANDER BEFORE FILING COMPLAINT states the following in paragraph 2: ". . . the failure and refusal of the defendants to deliver the said shares of stock which have been promised by the individual defendants and the issuance and delivery of which have been authorized by a resolution of the Board of Directors of the corporate defendant . . ." Other than indicating in paragraph 4 of the application that the individual defendants own, or have owned, stock of the corporate defendant, there is no allegation of any connection between the individual defendants and the corporate defendant. The application does not disclose with whom the plaintiff contracted for stock of the corporate defendant.

The application filed by the plaintiff requests the examination of the individual defendants, but Judge Beal's order allows an examination of the individual defendants and of the corporate defendant's records. Paragraph 1 of Judge Beal's order allows examination of corporate minutes relating to some employment agreement. An examination of the records of the corporate defendant is not authorized under an application for examination of the individual defendants whose connection with the corporate defendant is described only as stockholders, past or present; nor does it seem that an application stating the cause of action to be for specific performance would authorize an order for examination concerning some employment agreement. Also, paragraph 1 of the order allows examination of corporate minutes relating to transactions of the corporation with respect to said stock. This, also, was not authorized under an application requesting examination of only the individual defendants.

Paragraphs 2, 3, 4, 5, 6 and 7 of the order by their terms allow

inquiry into conduct and negotiations of the *defendants,* which includes the conduct and negotiations of the corporate defendant. Such an order is not authorized under a request for examination of only the individual defendants.

It may be that the two individual defendants are the sole stockholders and officers of the corporation; but it may also be that they are two minority stockholders with no voice in the operation of the corporate defendant. The application sheds no light.

In any event, it seems that if the plaintiff had a contract for the delivery of stock of the corporate defendant, he would know with whom he contracted and would know when and upon what terms it was to be delivered. His application discloses none of this.

G.S. 1-568.10 does not contemplate the issuance of a general permit for the plaintiff to embark upon an unrestricted "fishing expedition" through the records and recollections of his adversaries. *Kohler v. Construction Co.,* 271 N.C. 187, 155 S.E. 2d 558.

The order entered by Judge Beal on 18 January 1968 is reversed and this cause is remanded with leave to the plaintiff to file his complaint, or to file a proper application for adverse examination if he wishes, within twenty days after this opinion is certified to the Clerk of Superior Court of Mecklenburg County.

Reversed and remanded.

MALLARD, C.J., and PARKER, J., concur.