WALTER W. HENDRIX, JR. v. JAMES R. ALSOP.

(Filed 19 June 1968.)

**1. Bill of Discovery § 2—**

The statute allowing compulsory examination of an adversary prior to the filing of the complaint does not contemplate that the examination is to be lightly allowed or that plaintiff is to be given a general permit to embark upon an unrestricted "fishing expedition" through the records and recollections of his adversary. G.S. 1-568.9, G.S. 1-568.10(b)(2).

**2. Same— Plaintiff fails to show necessity for adverse examination of former employer.**

In plaintiff's action to recover damages resulting from his wrongful discharge from employment by the defendant, plaintiff made application, prior to the filing of the complaint, to examine defendant with respect to methods defendant used to prevent plaintiff from obtaining positions of similar employment. Plaintiff's affidavit for extension of time to plead, filed contemporaneously with the application for pre-trial examination, alleged that defendant had attempted, through malicious prosecution, abuse of process and libel, to prevent plaintiff from securing similar employment. *Held:* Plaintiff's affidavit for extension of time to plead specifically negates the necessity for an order to examine defendant prior to pleading, since it affirmatively alleges that plaintiff knows what methods defendant used to deny him other employment.

**3. Same; Malicious Prosecution § 1—**

Malicious prosecution and abuse of process are actions associated with legal proceedings which are matters of public record, and information thereon is available to a plaintiff without resort to a pre-trial examination of an adverse party.

APPEAL by defendant from *Exum, J.,* in Chambers in GUILFORD Superior Court 12 January 1968.

The facts are as set out in the opinion.

*Forman, Zuckerman & Scheer by William Zuckerman for plaintiff appellee.*

*Frazier & Frazier by Harold C. Mahler for defendant appellant.*

MALLARD, C.J. Plaintiff instituted this action by causing summons to issue on 5 May 1967. An order of the same date extended the time within which to file the complaint to and including twenty days after the report of the examination of defendant has been filed. Plaintiff alleges in his application for extension of time within which to plead: "That the nature and purpose of said action is recovering damages proximately caused by his wrongful discharge from employment by the defendant and the defendant's attempt, through malicious prosecution, abuse of process, and libel, to prevent plaintiff from securing other positions of similar employment."

Plaintiff filed with the Clerk of the Superior Court of Guilford County on 5 May 1967 an application for the adverse examination of the defendant pursuant to the provisions of G.S. 1-568.10. In this application plaintiff alleges, among other things, "that there is within the knowledge of the defendant certain facts and information which it is necessary for this plaintiff to have to properly draft and file his complaint; that said information is not otherwise available to plaintiff in that it involved the reasons and authority for and the methods employed by the defendant in bringing about plaintiff's employment termination and in attempting to prevent the plaintiff securing other positions of similar employment; that plaintiff on several occasions attempted to obtain said information from his employer but was refused any information of or reasons for defendant's actions; that the defendant is therefore the only source from which said information may be obtained; that said information is material and necessary and that this application is made in good faith."

On 5 May 1967 Esther B. Sharp, an Assistant Clerk of the Superior Court of Guilford County, signed an order *(ex parte)* requiring the defendant to appear at a stated time and place to be examined "in the manner prescribed by the provisions of G.S. Sec. 1-568.10, with respect to the reasons and authority for and the methods employed in bringing about plaintiff's employment termination."

The defendant on 16 May 1967 filed a motion to vacate the order of 5 May 1967 signed by the Assistant Clerk. On 21 June 1967 J. P. Shore, the Clerk of Superior Court of Guilford County, signed an order in which there appears after certain findings of fact the following:

"Upon the foregoing findings, it is concluded:

1. That all parties are properly before the Court and the Court has jurisdiction of this proceeding.

2. That the information sought by plaintiff with respect to the reasons and authority for his discharge are already known or sufficiently apparent to plaintiff and, accordingly, that section of the order requiring the defendant to be examined with respect thereto should be stricken.

3. That the information sought by plaintiff with respect to the methods employed by defendant in discharging plaintiff from his employment is not otherwise available or apparent to plaintiff, is within the knowledge of the defendant, is essential for the preparation of the plaintiff's complaint, and is a proper subject for inquiry under the provisions of G.S. Section 1-568.10.

WHEREFORE, IT IS ORDERED that the order of examination of May 5, 1967, be modified in accordance with the above conclusions and that as so modified, said order be affirmed in all respects."

The defendant did not except to the findings of fact but gave "Notice of Appeal to the Superior Court of Guilford County." The plaintiff did not appeal and made no exceptions to the findings of fact.

Thereafter, the matter was heard by Judge Exum, and on 12 January 1968 order was entered making certain findings and conclusions as follows:

"1. The application heretofore filed in this proceeding by the plaintiff on May 5, 1967, is sufficient to support an order allowing plaintiff to examine the defendant with regard to the methods employed by the defendant in attempting to prevent the plaintiff from securing positions of similar employment;

2. The information sought by plaintiff with respect to all other matters to be inquired into on examination as set forth in his application is already known by, or sufficiently apparent to plaintiff, such that plaintiff ought not to be allowed to examine the defendant with regard to these other matters;

3. That no order as yet has been entered by the Clerk of Superior Court of Guilford County allowing examination into the methods employed by the defendant in attempting to prevent the plaintiff from securing positions of similar employment;

4. That the matter ought to be remanded to the Clerk so that he might enter an order allowing the plaintiff to examine the defendant with regard to the methods employed by the defendant in attempting to prevent plaintiff from securing positions of similar employment; now, therefore, IT IS

ORDERED, ADJUDGED AND DECREED that the original order entered by the Assistant Clerk of the Superior Court of Guilford County be, and the same is hereby vacated and set aside; that the order of the Clerk of Superior Court of Guilford County, dated June 21, 1967, be vacated with regard to paragraph 3 thereof on page 2, but that the order of June 21, 1967, is affirmed in all other respects; and that this proceeding be remanded to the Clerk of Superior Court of Guilford County for the entry of an order allowing plaintiff to examine the defendant prior to the filing of plaintiff's complaint with respect only

to the methods employed by the defendant in attempting to prevent the plaintiff from securing positions of similar employment."

The defendant did not except to the findings of fact but appealed from the signing of the order to the Court of Appeals. The plaintiff did not appeal and did not except to the findings of fact.

Thus, we see that the Assistant Clerk of Superior Court first found and entered an order, pursuant to G.S. 1-568.10, that the defendant was to be examined *with respect to the reasons and authority for and the methods employed* in the discharge of plaintiff from his employment. Then the Clerk of Superior Court modified that order and found that "the information sought by plaintiff with respect to the reasons and authority for his discharge are already known or sufficiently apparent to plaintiff" and ordered such part of the Assistant Clerk's order stricken. The Clerk also found that the plaintiff was entitled to examine the defendant *with respect to the methods employed by defendant in discharging plaintiff*. Upon the defendant's appeal, Judge Exum found that the plaintiff should be permitted to examine the defendant *with regard to the methods employed by the defendant in attempting to prevent plaintiff from securing positions of similar employment*, and Judge Exum also found that the plaintiff ought not to be allowed to examine the defendant with regard to the other matters alleged because such was already known by or sufficiently apparent to the plaintiff.

"The plaintiff may procure an order for such examination of the officers of his corporate adversary, prior to the filing of his complaint, only by showing 'that the examination is necessary to enable him properly to prepare his complaint.' G.S. 1-568.9. In such affidavit the plaintiff must show 'that, in order to prepare his complaint * * * it is necessary * * * to secure information from the person proposed to be examined about certain matters, which matters must be designated with reasonable particularity.' G.S. 1-568.10(b) (2).

"The statute does not contemplate that compulsory examination of his adversary by one who has not filed a complaint is to be lightly allowed. This Court has said many times that the statute does not contemplate the issuance of a general permit for the plaintiff to embark upon an unrestricted 'fishing expedition' through the records and recollections of his adversary." *Kohler v. Construction Co.,* 271 N.C. 187, 155 S.E. 2d 558.

In this case the plaintiff's application fails to show the necessity to examine the defendant with respect to the methods employed by him "in attempting to prevent plaintiff from securing positions of similar employment." In fact, plaintiff's affidavit for extension of

time in which to plead specifically negatives necessity and supplies the answer to what methods were employed by defendant when he says, "and the defendant's attempt, *through malicious prosecution, abuse of process, and libel,* to prevent plaintiff from securing other positions of similar employment." (emphasis added.)

Defendant contends, and we agree, that malicious prosecution and abuse of process are associated with and follow legal proceedings which are matters of public record, and therefore available to plaintiff. And libel is "a malicious publication expressed either in printing or writing, or by signs, or pictures, tending either to blacken the memory of one dead or the reputation of one alive, and to expose him to public hatred, contempt, or ridicule." *Brown v. Lumber Co.,* 167 N.C. 9, 82 S.E. 961.

If the plaintiff knows, and he alleges he does, that libel is one of the methods used by the defendant in attempting to prevent plaintiff from procuring other positions of similar employment, there is no necessity shown to examine defendant about libel.

In this case we hold that no necessity is shown by the affidavit for an order allowing plaintiff to examine the defendant. *Griners' & Shaw, Inc., v. Casualty Co.,* 255 N.C. 380, 121 S.E. 2d 572. It follows, therefore, that the order of Judge Exum directing the Clerk to amend his order was not proper, and this cause is remanded to the Superior Court of Guilford County for entry of an order consistent with this opinion.

Error and remanded.

BROCK and PARKER, JJ., concur.